646 P.2d 1016

L. Jean SMITH, Plaintiff-Respondent,

v.

**IDAHO STATE UNIVERSITY FEDERAL CREDIT UNION, Defendant-Appellant.**

No. 13810.

Court of Appeals of Idaho.

June 8, 1982.

John K. Looze of Dial, Looze & May, Pocatello, for defendant-appellant.

Gus Carr Anderson, Pocatello, for plaintiff-respondent.

SWANSTROM, Judge.

Idaho State University Federal Credit Union appeals from summary judgment in favor of L. Jean Smith. The issues on this appeal center around the court's finding that certain deposits with the Credit Union were Jean's separate property and were not subject to a security interest claimed by the Credit Union for loans made to Jean's husband, Alfred. We hold that the court erred in awarding summary judgment to Jean. We reverse and remand.

Alfred and Jean were husband and wife from 1971 to November 1, 1978, when they were divorced. During this marriage monies were deposited with the Credit Union and now comprise the following three items claimed by both parties: one Credit Union certificate of deposit issued in 1977 for $3,210, another issued in 1978 for $6,350.97 —both in the names "L. Jean Smith or Alfred E. Smith,"—and a savings account which was opened in 1971 and which contained approximately $8,439 when this suit was brought. It is disputed whether the savings account stands in Jean's name only or whether Alfred is also named as an owner.

Shortly after her divorce from Alfred, Jean brought this suit to compel the Credit Union to pay over the above funds to her. She alleged that all monies on deposit were her separate property. The Credit Union defended, alleging it had made a series of loans to Alfred that were community obligations on which Alfred had defaulted. It alleged Alfred had pledged all deposits held by the Credit Union as security for the unpaid loans. Alfred, once a defendant in this suit, was dismissed after he was adjudicated a bankrupt.

Affidavits, depositions, and answers to interrogatories were filed with the district court. Both parties moved for summary judgment. The court found that (1) the savings account and certificates of deposit were Jean's separate property, and (2) no joint tenancy in the accounts had been created because Alfred's name was added to the accounts only for convenience and without intent to grant him any property interest. Based on these findings, the trial court entered summary judgment in favor of Jean, and denied the Credit Union's motion for summary judgment.

The Credit Union contends that the trial court erred in granting Jean summary

judgment because there are genuine issues of material fact in dispute. It argues that summary judgment is not available where the moving party's credibility is placed in issue by inconsistences among her affidavits, deposition, and answers to interrogatories.

The trial court's determination, that the savings account and certificates of deposit were Jean's separate property, must have been based on Jean's assertion that the money came from the proceeds of a settlement agreement she and a former husband had made, and from an award she had received in settlement of a workmen's compensation claim. Jean, however, was unable to recall the amount of her marriage settlement or which account was obtained with the workmen's compensation award. In addition, she gave differing statements of a number of other facts, including the date of her marriage to Alfred and the date of her injury on the job, and what property she claimed to be her separate property.

Difficulties in remembering relevant facts, and the giving of contradictory testimony are factors to be considered in determining a witness' credibility. *E.g., State v. Holm,* 93 Idaho 904, 911, 478 P.2d 284, 291 (1970); *cf. Smith v. Howard,* 76 Idaho 235, 240, 280 P.2d 1060, 1063 (1955). Summary judgment is not proper when the relevant pleadings, depositions, and affidavits raise any question of the credibility of witnesses. *Straley v. Idaho Nuclear Corp.,* 94 Idaho 917, 918, 500 P.2d 218, 219 (1972); *Merrill v. Duffy Reed Construction Co.,* 82 Idaho 410, 414, 353 P.2d 657, 659 (1960).

The credibility issue is material here because it is presumed that property acquired after marriage is community property. *Estate of Freeburn v. Freeburn,* 97 Idaho 845, 848, 555 P.2d 385, 388 (1976). It appears that a determination in favor of Jean would require that issues of tracing and commingling be resolved in her favor based upon her testimony. In summary judgment proceedings the facts are to be liberally construed in favor of the party opposing the motion, who is also to be given the benefit of all favorable inferences which might be reasonably drawn from the evidence. *Huyck v. Hecla Mining Co.,* 101 Idaho 299, 300, 612 P.2d 142, 143 (1980). Applying this rule to a case where, as here, an issue has been raised concerning the credibility of a key witness, we hold that summary judgment is inappropriate. We conclude that summary judgment in Jean's favor should be reversed, and the cause remanded.

On remand, it appears that the district court may be required to determine whether the workmen's compensation proceeds are community or separate property. During the pendency of this appeal our Supreme Court decided *Cook v. Cook,* 102 Idaho 651, 637 P.2d 799, (1981). In *Cook* the court held that to the extent workmen's compensation payments are made to compensate a spouse for loss of earning capacity during marriage, the payments are community property. On remand, the district court is instructed to consider possible applicability of *Cook* to the facts of this case.

For further guidance to the trial court, we will discuss the Credit Union's contention that the trial court erred in its interpretation of the applicable law of joint accounts. The court, in its decision granting summary judgment, relied upon *Chase v. Reid,* 82 Idaho 1, 348 P.2d 473 (1960), for the rule that a joint tenancy is not created where an account was made joint purely for convenience and without intent to create any property interest. This is good law, *Greene v. Cooke,* 96 Idaho 48, 55, 524 P.2d 176, 183 (1974), but inapplicable to the case at bar.

The rule in *Chase* and *Greene* governs the issue of when—as between co-parties to an account—a joint tenancy in the account has been created. However, the issue here, which must be addressed on remand, is whether a financial institution can rely upon funds in a multiple-party account as security for a loan made to one of the parties to that account, regardless of whether the ownership of the account is by joint tenancy.

Idaho Code § 15–6–108 provides that:

248

Financial institutions may enter into multiple-party accounts to the same extent that they may enter into single-party accounts. Any multiple-party account may be paid, on request, to any one (1) or more of the parties. A financial institution shall not be required to inquire as to the sources of funds received for deposit to a multiple-party account, or to inquire as to the proposed application of any sum withdrawn from an account, for purposes of establishing net contributions.

A multiple-party account includes a joint account. I.C. § 15–6–101(5). A joint account is an "account payable on request to one (1) or more of two (2) or more parties whether or not any mention is made of any right to survivorship." I.C. 15–6–101(4). An "account" means "a contract of deposit of funds between a depositor and a financial institution, and includes a . . . savings account, [and] certificate of deposit. . . ." I.C. § 15–6–101(1). A credit union is a financial institution for purposes of this statute. I.C. § 15–6–101(3). A "payment" of sums on deposit includes any pledge of sums on deposit by a party. I.C. § 15–6–101(8). Idaho Code § 15–6–112 provides:

Payment made pursuant to sections 15–6–108, 15–6–109, 15–6–110 or 15–6–111 of this Part discharges the financial institution from all claims for amounts so paid *whether or not the payments is consistent with the beneficial ownership of the account* as between parties, P.O.D. payees, or beneficiaries, or their successors. The protection here given does not extend to payments made after a financial institution has received written notice from any party able to request present payment to the effect that withdrawals in accordance with the terms of the account should not be permitted. Unless the notice is withdrawn by the person giving it, the successor of any deceased party must concur in any demand for withdrawal if the financial institution is to be protected under this section. No other *notice* or any other *information shown to have been available* to a financial institution shall affect its right to protection provided here. The

protection here provided shall have no bearing on the rights of the parties in disputes between themselves or their successors concerning the beneficial ownership of funds in, or withdrawn from, multiple-party accounts. (Emphasis added.)

From the above statutory provisions it appears that, ordinarily, where a person borrows money from a savings institution in which that person is party to an account, and pledges the deposits in that account as security for that loan, the pledge is effective as a payment of that account and the financial institution is discharged from all claims for amounts so paid so long as the loan remains unpaid.

■ In this case, the present record discloses that the loan agreements signed by Alfred contained provisions whereby he pledged all deposits to the payment of the loans. On remand the district court is directed to determine the validity of such pledges.

■ Credit Union also appeals from denial of its motion for summary judgment. An order denying a motion for summary judgment is not an appealable order. *Wilson v. DeBoard*, 94 Idaho 562, 494 P.2d 566 (1972). Credit Union concedes this, but argues that we should address certain related issues. However, because we cannot predict what the evidence may show or what might occur in this case after remand, we decline to discuss the issues raised by the Credit Union in connection with the denial of its motion.

The district court awarded Jean costs and attorney fees. Because we reverse the summary judgment, this award must be set aside. We award costs on appeal to the Credit Union, but we do not award attorney fees. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

The judgment is reversed, and the cause is remanded.

WALTERS, C. J., and BURNETT, J., concur.