651 P.2d 923

Herbert ANDERSON and Darlene Anderson, Plaintiffs,

v.

Eric ETHINGTON, Robert Ethington, Eldon Ethington, and Jane Roe Ethington, Defendants-Appellants, Defendants-Third Party Plaintiffs-Appellants,

v.

CITY OF HANSEN FIRE DEPARTMENT, Third Party Defendant-Respondent.

Marybell HOWARD, Plaintiff,

v.

Eric ETHINGTON, Robert Ethington, Eldon Ethington, and Jane Roe Ethington, Defendants-Third Party Plaintiffs-Appellants,

v.

CITY OF HANSEN FIRE DEPARTMENT, Third Party Defendant-Respondent.

No. 13446.

Supreme Court of Idaho.

Sept. 29, 1982.

Robert M. Tyler, Jr., of Elam, Burke, Evans, Boyd & Koontz, Boise, for appellants.

Frederick F. Plankey, of Plankey & Greenwood, Twin Falls, for plaintiff.

McFADDEN, Justice.

On May 21, 1976 appellants were burning weeds located in an irrigation ditch near the highway. A small fire broke out and ignited a shed and a tree. The fire burned out of control, the City of Hanson Fire Department was summoned and the fire was extinguished. The fire department left after which a second fire broke out at the nearby Towne Tavern. The original plaintiffs below alleged that the Towne Tavern fire was started by a burning ember from the original fire.

Complaints were filed against appellants by the owner of the tavern, Marybell Howard, and by the lessees and operators of the tavern, the Andersons. The original plaintiffs are not parties to this appeal. Answers were filed and on May 30, 1978, appellants filed a third party complaint for indemnity and contribution against respondent, City of Hanson Fire Department. The third party complaint was based on respondent's breach of duty in failing to inspect nearby buildings in order to control the spread of fire. An answer to the third party complaint was filed and the original and third party actions were consolidated for trial.

On June 20, 1978, respondent filed a motion to dismiss and in the alternative for summary judgment on the third party complaint. This motion was denied.

Trial was held on April 25, 1979, on the issues presented by the original complaint of the plaintiffs against the defendants and third party plaintiffs-appellants Ethingtons, and also on the issues presented by the Ethingtons' third party complaint against respondent City of Hansen Fire Department. After appellants' counsel had rested, respondent City of Hansen moved for a directed verdict. This was taken under advisement. After the trial the jury returned its special verdict in favor of the Ethingtons and appellants, finding the Ethingtons to be not guilty of negligence which proximately caused the Towne Tavern fire. On May 18, 1979, the motion for directed verdict was granted in favor of respondent City of Hansen Fire Department. An amended judgment was entered June 13, 1979, denying the plaintiffs Howard and Andersons any recovery on their complaint against the defendants Ethingtons, but this judgment awarded respondent City of Hansen Fire Department $4,516 attorney fees and costs in defense of the Ethingtons' third party complaint against the fire department. This appeal by the Ethingtons followed.

██ This case involves a situation in which the action was filed prior to March 1, 1979[1] but heard after that date. The issue on appeal is whether the trial court abused its discretion in awarding attorney fees to respondents. Appellant argues that the trial court's discretion is limited by I.R.C.P. 54(e). This issue was resolved in *Odziemek v. Wesely,* 102 Idaho 582, 634 P.2d 623 (1981), and reaffirmed in *White v. Rehn,* 103 Idaho 1, 644 P.2d 323 (1982). In *Odziemek* we stated:

"This Court in *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979), and in *Futrell v. Martin,* 100 Idaho 473, 600 P.2d 777 (1979), held that attor-

---

1. The effective date of I.R.C.P. 54(e)(1) as provided by I.R.C.P. 54(e)(9) states: "This Rule 54(e) shall become effective on the first day of March, 1979, and shall apply to all actions filed on or after the effective date."

ney fees on *appeal* would only be awarded when the Court is left with the abiding belief that the *appeal* was brought, pursued or defended frivolously, unreasonably or without foundation. However, that standard was not imposed upon the trial courts for causes of action filed prior to the effective date of I.R.C.P. 54(e) (March 1, 1979), and in fact, in both *Minich* and *Futrell* the trial court's award of attorney fees was affirmed without imposing the standard now contained in I.R.C.P. 54(e)(1)."

Consequently, the decision to award attorney fees rests in the sound discretion of the trial court pursuant to I.C. § 12–121, which provides:

"In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees."

The award of attorney fees resting in the sound discretion of the trial court, the burden is on the person disputing the award to show an abuse of discretion. *Palmer v. Idaho Bank and Trust,* 100 Idaho 642, 603 P.2d 597 (1979). The trial court found that "the evidence in the case discloses that the third party complaint was without reasonable foundation" and awarded attorney fees to respondents.

■■■ Appellant argues that the trial court abused its discretion in awarding the fees in that appellants had demonstrated genuine issues as to material facts when they were successful in opposing respondents' summary judgment motion to their third party complaint. It is conceivable that a party may prevail on a motion for summary judgment and still have brought the claim without reasonable foundation. This situation can occur because of the rules governing summary judgment motions. Summary judgment should be granted only when the pleadings, depositions and admissions, together with affidavits, if any, show that there is no genuine issue as to any material fact. The facts are to be liberally construed in favor of the party opposing the

motion, who is also to be given the benefit of all favorable inferences which might be reasonably drawn from the evidence. *Huyck v. Hecla Min. Co.,* 101 Idaho 299, 612 P.2d 142 (1980). *Palmer v. Idaho Bank & Trust, supra;* I.R.C.P. 56(c). While a genuine issue may appear on the face of the pleadings and affidavits, it does not necessarily follow that the evidence introduced at trial sustains that position. At the end of the trial the court concluded that the third party complaint was without reasonable foundation. The fact that it had previously found for the party on summary judgment does not necessarily establish that the complaint was reasonable and well founded.

Appellants' second argument is that the testimony at trial indicated that respondent had in fact breached its duty of care. The trial court had the opportunity to observe the witnesses and the evidence which was introduced. The court concluded that the testimony did not support such a contention when it stated that the claim was without reasonable foundation and when it entered a directed verdict in favor of respondent. Our review of the record does not indicate that the trial court abused its discretion. There is no contention that the amount of fees awarded is unreasonable. The judgment is affirmed.

Costs to respondent.

BAKES, C. J., and BISTLINE, DONALDSON and SHEPARD, JJ., concur.

Submitted by McFADDEN, J., prior to his retirement on August 31, 1982.

BISTLINE, Justice, concurring.

The Ethingtons, charged with negligence, by their third-party complaint sought to pass off all or part of it to the City of Hansen fire department, premising this action on the fire department's alleged negligence and on a theory of indemnity. The Howards and the Andersons, plaintiffs who suffered losses when the Town Tavern caught on fire, stipulated to the allowance of the third-party complaint, *but did not accept the City as a defendant in their suits against the Ethingtons.* After a three-day

trial the jury was handed a special verdict (by whom submitted not appearing) the first question of which asked the jury's determination of whether the Ethingtons were "guilty of negligence which was a proximate cause of the Town Tavern fire." The jury answered "no," and the direction of the verdict form was that upon such negative answer the remaining questions were not to be answered. Unanswered, then, were questions which would have declared any causative negligence on the part of the City fire department and of the plaintiffs and made an allocation of the total negligence in percentages.

It is at once obvious that under this particular form of special verdict the Ethingtons, in successfully defending the action against themselves, at the same time established a defense for the City fire department which they were suing. Whether the jury might have determined that the City fire department was negligent will forever be unknown.[1] On appeal from the award of attorney's fees against them, the Ethingtons contend that the *record* contains evidence tending to establish such liability, the main premise of their third-party complaint having been aimed at the "intervening and superceding negligence of the fire department."

After the verdict was in, the Ethingtons in their cost bill sought "discretionary" attorney's fees of $4,535 against the plaintiffs, and the City in its cost bill sought "discretionary" attorney's fees from the Ethingtons in the sum of $5,330. In its order awarding the sum of $4,500 to the City the trial court stated that "the evidence in the case discloses that the Third Party Complaint was without reasonable foundation," and nothing more. On appeal the Ethingtons (1) specify as error the failure of the trial court to make the findings required by Rule 54(e), and (2) challenge the trial court's terse finding that the third-party complaint was "without reasonable foundation," characterizing that finding as

conclusionary, unreasonable, untenable, and hence an abuse of discretion.

Without doubt subparagraph (2) of Rule 54(e) requires findings and that requirement is not fulfilled by the sparse statement utilized by the trial court in making the award. The Court, however, declares that Rule 54(e) was not applicable, although promulgated. The Court does this notwithstanding able counsel's representation that the parties in arguing costs had agreed (implicitly? outright?) that Rule 54(e) would apply to the requests for attorney's fees. The Court also pays little heed to appellants' statement that the trial court's language clearly tracks Rule 54(e) provisions. But, that is not all. Appellants correctly point out that the trial court's language clearly tracks the language of *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979) ("brought . . . unreasonably or without foundation").

*Minich,* of course, initiated the award of attorney's fees on appeal under the supposed (see dissents of Donaldson and Bistline, JJ., in *Minich* ) auspices of I.C. § 12–121. It is beyond cavil that the Court also *at that time* saddled application of the Rule with Court-made refinements:

> "Since the statutory power is discretionary, attorney fees will not be awarded as a matter of right. Nor will attorney fees be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented. In normal circumstances, attorney fees will only be awarded when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. See I.R.C.P. 54(d)(1)." 99 Idaho at 918, 591 P.2d at 1085.

The opinion did not in the least suggest the inapplicability of Rule 54(e) by reason of its subparagraph 9, setting the date of effectiveness. Limited research does not disclose when Rule 54(e) first showed up in pocket

---

1. An interesting speculation would be the effect of a jury verdict which assessed some or all causative negligence against the City—where the plaintiffs had not named the City as a party defendant in their actions.

parts to the 1958 volume of Idaho's "federal rules," but I would doubt that it was found therein when attorney's fees were being considered by the trial court in May of 1979. *Minich,* however, was by then a reported case.

Be that as it may, I am more influenced by the open and forthright position taken by counsel for the City, who seem to comprehend that subparagraph 9 of Rule 54(e), while specifically declared applicable to actions filed after March 1, 1979, does not declare any prohibition against its applicability to cases pending before that date. Accordingly, recognizing that Rules are made by decision law as well as by promulgation, the City's brief furnishes the Court with much needed good advice:

"On the other hand [the] same standards as set forth in Rule 54(e)(1) may very well apply to actions filed prior to that time on the basis of the language contained in *Minich, supra.* In other words, the position that we take is that I.R.C.P. 54(e)(1) definitely does not apply to this action. *However the language in the Minich case very well could. Irrespective of what the Court decides in this regard this briefer frankly believes that the general standards to be applied are virtually identical.*"

From there the City's brief supplies guidance to the underlying facts which it contends sustain the trial court's conclusion as to what the evidence demonstrates:

"There was absolutely no evidence indicating any form of negligent conduct or culpable conduct on the part of the City of Hansen Fire Department. The facts of this case were known to third party plaintiffs. They had ample opportunity to find many experts in the Magic Valley area concerning fire protection. The fact that they produced not one witness who would say that the fire department did something negligently means to me that the action in this case was in fact filed without reasonable foundation."

Going in detail to the record, the City's brief sets forth Paul McCollom's testimony which certainly tends to exonerate the City fire department from liability:

"He is clearly qualified as an expert and has knowledge about the standards to be used in fire control. On page 183 of the Reporter's Transcript Mr. McCollom was asked:

'In your opinion is there any breach of standard of care or any breach of duty that the fire department did by, say, leaving the scene of a fire when there may still have been a little smoke so long as somebody was there taking care of it with water?

'A. *I would say it was proper.'* (emphasis supplied)

On page 184 and page 185 Mr. McCollom was asked whether or not it would be proper for a fire department to make a visual inspection of surrounding properties. He indicated that that would be a usual standard. There is no evidence in this record that that was in fact not done. On page 177 and 178 of the transcript Mr. McCollom was asked:

'Q. Did the Volunteer Fire Department of Hansen to your knowledge do anything wrong when they were out there trying to put out these two fires?

'A. No.

'Q. They did not?

'A. They did not do anything wrong.

'Q. You just testified that as far as you know about what happened at that fire, the Volunteer Fire Department of the City of Hansen did not conduct themselves improperly, or wrongly, or negligently that day, is that a fair statement?

'A. That is fair.'

"In other words, the only expert witness to be called by anybody, Mr. Paul McCollom, indicated very clearly that the City of Hansen Volunteer Fire Department did nothing negligently."

In addition to that there is testimony of Eldon Ethington which strongly negates any liability on the part of the City:

"Q. Now, to your knowledge, during this period was there any wind particularly in the area?

"A. No, sir.

"Q. None?

"A. No.

"Q. And the sparks you saw or the residue of a fire were going in which direction?

"A. Straight up.

"Q. Straight up.

"A. Right.

"Q. And you did notice that there was somebody in control or taking control or somebody in control of the premises over at the Town Tavern, right?

"A. Yes, definitely, I saw that.

"Q. When you left the Muse premises after the fire had been put out, were you reasonably satisfied that things were taken care of?

"A. Yes, definitely.

"Q. Did the fire department, in your opinion, act in a reasonable and prudent manner?

"A. You bet."

While I do agree with appellant's contention that more explicit findings as required by Rule 54(e) should have been made, a close perusal of the record adequately sustains the trial court's conclusion. For the above reasons I concur in affirming the award of attorney's fees.