683 P.2d 877

**Jonathan L. McCASLAND and Sally M. McCasland, husband and wife, Plaintiffs-Appellants, Cross-Respondents,**

v.

**FLORIBEC, INC., a Delaware corporation, dba Westwood Village, Defendant-Respondent, Cross-Appellant.**

**No. 15077.**

Supreme Court of Idaho.

July 6, 1984.

Brent O. Roche, Pocatello, for plaintiffs-appellants, cross-respondents.

Thomas B. High, Twin Falls, for defendant-respondent, cross-appellant.

HUNTLEY, Justice.

Plaintiffs Mr. and Mrs. McCasland appeal from an order of summary judgment in favor of Floribec, Inc., owner of the Westwood Village shopping mall in Pocatello, where Mrs. McCasland was injured in a slip and fall on January 12, 1982. The circumstances of her injury, as set out in her affidavit, were as follows: Mrs. McCasland was driven by her husband to the main entrance of the mall in the early afternoon of January 12th. After leaving the car, she walked along the sidewalk adjacent to one of the mall stores; the sidewalk was covered with approximately one inch of newly fallen snow. Although she was taking short steps and watching where she placed her feet, she stepped on a bump of ice concealed by the freshly fallen snow, which caused her fall; she sustained a back injury due to the fall.

An affidavit of an employee of the National Weather Service states that for several days prior to January 11 and 12, 1982 there was no recorded snowfall in the Pocatello area. Between 6:00 p.m. January 11th and 5:00 a.m. January 12th approximately two inches of snow fell.

Generally, summary judgment should be granted only if—after construing the pleadings, affidavits, depositions and admissions

in a light most favorable to the opposing party—there is no genuine issue of material fact. I.R.C.P. 56(c); *Palmer v. Idaho Bank & Trust of Kooskia*, 100 Idaho 642, 603 P.2d 597 (1979); *Casey v. Highlands Insurance Company*, 100 Idaho 505, 600 P.2d 1387 (1979). The appellate court must construe the record in favor of the party opposing summary judgment and accord to such party the benefit of all reasonable inferences. *Palmer, supra; Straley v. Idaho Nuclear Corporation*, 94 Idaho 917, 500 P.2d 218 (1972).

The question presented by this appeal is whether, construing the pleadings and affidavits most favorably for the McCaslands, there are genuine issues of material fact within their claim which would preclude summary judgment. The basis for Mrs. McCasland's claim for damages is the rule that owners or possessors of property may be liable for injuries caused to persons by unsafe conditions existing on the property. Of course that rule is subject to several refinements, one of which draws a distinction between so-called "invitees" and "licensees." Under the facts alleged by the McCaslands, Mrs. McCasland was an invitee. In *Tommerup v. Albertson's Inc.*, 101 Idaho 1, 3, 607 P.2d 1055, 1057 (1980), we stated:

> The law is well settled in this state that, to hold an owner or possessor of land liable for injuries to an invitee caused by a dangerous condition existing on the land, it must be shown that the owner or occupier knew, or by the exercise of reasonable care should have known, of the existence of the dangerous condition. (Citations omitted.)

Determination of possessor liability necessarily involves questions of fact. In the present case, Mrs. McCasland fell on an allegedly concealed bump of ice. The affidavits state that the one to two inches of new snow had fallen since the preceding evening. The most recent snow before then was at least five days prior. It might well be determined that for the shopping mall to allow a five-inch snow pack to accumulate and remain, including the presence of potentially dangerous knobs or bumps of ice which might be expected to be concealed from view, in an area frequented by store customers and for a relatively long period of time, liability might exist under the test set out in *Tommerup v. Albertson's Inc., supra.*

Accordingly, we hold that it was error for the district court to enter an order of summary judgment against the plaintiffs. The matter is reversed and remanded for further proceedings consistent with this opinion.

Costs to appellant. No attorney fees.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.