691 P.2d 1208

**Gail KELLER, Plaintiff-Appellant,**

v.

**HOLIDAY INNS, INC., a Tennessee corporation, Great Western Investment Co., and Winegardner & Hammons, Inc., Defendants-Third-Party Plaintiffs-Respondents,**

**and**

**G & P Manufacturing, Inc., an Idaho corporation, and Gordon "Chip" Gorman, individually, Third-Party-Defendants.**

**Gene BURMAN and Joan Keller Burman, husband and wife, Plaintiffs-Appellants,**

v.

**HOLIDAY INNS, INC., a Tennessee corporation, Great Western Investment Co., and Winegardner & Hammons, Inc., Defendants-Third-Party Plaintiffs-Respondents,**

**and**

**G & P Manufacturing, Inc., an Idaho corporation, and Gordon "Chip" Gorman, individually, Third-Party-Defendants.**

No. 15375.

Supreme Court of Idaho.

Nov. 26, 1984.

Rehearing Denied Dec. 31, 1984.

David Emerson Comstock and Charles L. Hay, of Elam, Burke, Evans, Boyd & Koontz, Boise, for plaintiff-appellant.

Alan R. Gardner, Patrick Dennis Furey, and Cathy Lynn Naugle, of Imhoff & Lynch, Boise, for defendants-third-party plaintiffs-respondents.

DONALDSON, Chief Justice.

Appellants, Gail Keller and Joan Keller Burman, were injured while working as employees of a gift shop located upon leased space within the Holiday Inn of Boise. Each was injured by large iron security gates which were mounted on wheels. The security gates were fabricated and placed on the premises by the gift shop proprietor. The purpose of the gates was to provide security from theft while the gift shop was closed. In order to open the gift shop for business each day, the gates were unlocked, folded, and rolled on their wheels to their storage place in the hallway a short distance from the gift shop. The reverse procedure was then followed each evening when the gift shop was closed. The gates themselves were known to be unstable and prone to falling. Both of the appellants sustained their injuries while attempting to move the gates either to or from their storage place.

Each of the appellants brought suit against Holiday Inns, Inc., and its affiliates (Holiday Inn). Thereafter, these suits were consolidated. Holiday Inn moved for summary judgment contending that as a lessor, it owed no duty of care to the lessee's employees, and that even if such a duty were owed, it did not extend to the known risk presented by the unsafe security gates. The district court granted the motion for summary judgment. On appeal, the Idaho Court of Appeals reversed the granting of summary judgment. *Keller v. Holiday Inns, Inc.*, 105 Idaho 649, 671 P.2d 1112 (Ct.App.1983). This petition for review followed.

Essentially, there are two issues before us: (1) Can a property owner, who rents space in a building to a business lessee, be held liable when one of the lessee's employees is injured by a dangerous condition which was known and obvious? (2) Should this Court abandon the traditional common law distinction between the duties owed to licensees and invitees, and in its place adopt a new standard of reasonable care?

■ We first note our standard of review in this case. According to I.R.C.P. 56(c), summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." In addition, the facts are to be liberally construed in favor of the non-moving party, and that party is entitled to the benefit of all inferences which may be rea-

sonably drawn from the evidence. *Farmer's Insurance Company of Idaho v. Brown*, 97 Idaho 380, 544 P.2d 1150 (1976); *Keller v. Holiday Inns, Inc.*, 105 Idaho 649, 671 P.2d 1112 (Ct.App.1983).

The trial court, in granting Holiday Inn's motion for summary judgment, concluded that Holiday Inn owed no duty to protect plaintiffs from the known danger presented by the security gates. In addition, the trial court concluded that even if a duty had existed on the part of Holiday Inn to protect plaintiffs, "[t]hese plaintiffs certainly assumed any risks of injury."

Under the common law a land owner's duty to persons entering his land is dependent upon whether that person is an invitee, licensee or trespasser. *Keller, supra*, at 652, 671 P.2d at 1115. We need not determine into which category plaintiffs herein should be placed, because all of the parties, in their argument before this Court, have categorized plaintiffs as invitees. Consequently, we will conduct our analysis in light of this categorization.

■ The trial judge stated that "a landowner (Holiday Inns) is under no obligation to protect an invitee (the plaintiffs') against danger (these iron gates) which was known to them or was so obvious and apparent that they would be charged with knowledge." It was apparently upon this rule of law that the trial court based its conclusion. While, "in the usual case an owner owes no duty to protect invitees from open and obvious dangers," *Tommerup v. Albertson's, Inc.*, 101 Idaho 1, 5, 607 P.2d 1055, 1059 (1980), we have recognized that the rule is not absolute. For example, in *Ryals v. Broadbent Development Co.*, 98 Idaho 392, 565 P.2d 982 (1977), the defendant/landowner contracted to have a pump removed from the boiler room in a building owned by the landowner. The plaintiff/employee was directed by his employer to remove the pump from defendant's building. While attempting to enter the boiler room the employee was injured because of the unsafe entrance. Even though the employee had used the entrance approximately 12 times and was fully aware of the dangerous condition, the jury found the landowner liable to the employee. The landowner had argued that he had no duty "to inspect, forewarn of or correct any obvious hazard which should [have been] apparent to any business invitee." *Ryals, supra* at 396, 565 P.2d at 986. However, we upheld the trial court's instruction that

"[t]he owner or operator of premises may be liable for physical injuries to an invitee proximately caused by the unsafe or dangerous condition of his premises even though the danger is obvious and known to such invitee if the owner or operator of the premises had reason to expect that the invitee would proceed to encounter the obvious danger because to a reasonable man in his position the advantages of doing so (or the disadvantage of not doing so) would outweigh the apparent risk." *Id.*

The common theme in *Ryals* and the present case is the difficult position of an employee when directed by the employer to perform work which involves a dangerous condition or activity on the landowner's premises. In these cases, the landowner has reason to expect that the employee will proceed to encounter the dangerous condition in order to keep his or her job. Since the employer is shielded from liability by the workman's compensation laws, these cases will necessarily involve the employee/invitee and the landowner. We hold that in these situations, a landowner is not relieved of the duty of reasonable care which the landowner owes to the employee/invitee for his or her protection even though the dangerous condition is known and obvious to the employee. Therefore, Holiday Inn did owe a duty of reasonable care to plaintiffs, and that there are genuine issues of material fact remaining as to whether Holiday Inn breached its duty.

■ The Court of Appeals' opinion adopts § 343 and § 343A of the Second Restatement of Torts which represents the modern view of landowner liability. We feel that such a decision goes too far. In reaching their decision, the Court of Ap-

**596**

peals tried to reconcile this Court's approval of the jury instruction in *Ryals* which quoted almost verbatim § 343A with our later approval in *Tommerup* of a jury instruction stating the traditional view. The two cases can be explained by the fact that in *Ryals* the plaintiff was an employee directed to perform work involving a dangerous condition on the landowner's premises whereas *Tommerup* involved no such relationship. The approval of both jury instructions merely reflected a recognition by the Court that inherent in the landowner/employee relationship is the economic compulsion (possible loss of job) on an employee to perform the job in spite of the danger and this compulsion requires imposing a duty on the landowner.

■ As noted previously, the trial court held that even if a duty did exist on the part of Holiday Inn, Holiday Inn could not be held liable because plaintiffs had assumed the risk of injury. However, defenses of this sort generally present a question of fact which should be left to the jury, unless the facts are undisputed and only one reasonable conclusion can be drawn therefrom. Eg. *Robinson v. Westover*, 101 Idaho 766, 620 P.2d 1096 (1980); *McKinley v. Fanning*, 100 Idaho 189, 595 P.2d 1084 (1979). Therefore, we reverse the summary judgment and remand for further proceedings.

Since we have determined that Holiday Inn owed a duty of reasonable care to plaintiffs herein, we need not address the second issue. Therefore, we reserve for another day the question as to whether this Court should abandon the distinction between the duties owed to licensees and invitees.

The judgment of the district court is reversed and this case is remanded for further proceedings consistent with the opinions expressed herein.

Costs to plaintiffs-appellants.

No attorney fees on appeal.

BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, Justice, dissenting.

*Tommerup v. Albertson's, Inc.*, 101 Idaho 1, 607 P.2d 1055 (1980), is this Court's most recent opinion in this area of the law and while the facts of the instant case vary slightly from those of *Tommerup*, nevertheless I view *Tommerup* as controlling authority, and hence would affirm the decision of the district court herein.

BAKES, J., concurs.