727 P.2d 1220

Jeffrey W. McKINLEY,
Plaintiff-Appellant,

v.

LYCO ENTERPRISES, INC., an Idaho corporation, Defendant-Respondent.

No. 16296.

Supreme Court of Idaho.

Oct. 20, 1986.

Gregory C. May, Dial, Looze & May, Pocatello, Douglas S. Querin and Steven C. Thompson (argued), Bricker, Zakovics & Querin, Portland, Or., Kelly Kumm, Pocatello, for plaintiff-appellant.

John A. Bailey, Jr., Pocatello, for defendant-respondent.

SHEPARD, Judge.

This is an appeal from an order granting summary judgment in favor of the defendant landlord in a slip and fall case. We reverse.

Defendant-respondent Lyco Enterprises is the owner/landlord of Maple West Apartments. Plaintiff-appellant McKinley was a tenant in that apartment complex. On February 19, 1984, McKinley had been out of town and away from his apartment for five days. Upon his return, while carrying his infant son, he slipped and fell on a walkway leading to his apartment. Both McKinley and his son received injuries.

■ Upon a motion for summary judgment all facts and legitimate inferences arising therefrom are to be construed favorably to the party opposing summary judgment. *Moss v. Mid-America Fire & Marine Ins. Co.*, 103 Idaho 298, 302, 647 P.2d 754 (1982); *Anderson v. Ethington*, 103 Idaho 658, 660, 651 P.2d 923, 925 (1982). The facts, albeit hotly contested in some respects, when viewed most favorably to McKinley indicate the following: (1) there was ice on the walkway which McKinley did not see; (2) the accident occurred at 10:00 p.m., and obviously at that time of year the area was in darkness; (3) although there was exterior lighting at the apartment complex, part of it was, and had been for some period of time, inoperative, and the area where the slip and fall occurred was at least in partial darkness; (4) on February 19, 1984, 12 inches of snow had accumulated on the ground and a substantial portion of it had fallen the previous week.

On the other hand, Lyco, in seeking summary judgment, said that the complex was managed by Richard Pincock whose usual practice was to clear snow with a garden tractor and blade, and use "Ice Melt," a chemical preparation to dissolve accumulated ice. During the prior week Pincock had been on vacation and his brother and father were left the responsibility of clearing the walkways. On the day of the accident it was stated that they had cleared all the walkways in the morning and neither had noticed any ice nor snow on the walkways. They had not been informed of, and did not use, any "Ice Melt." Lyco also argued below and here that if there was ice on the walkway it was an open and obvious danger which McKinley should have seen.

Summary judgment may be granted when the pleadings, depositions, admissions and affidavits when liberally construed in favor of the party opposing the motion, indicate no genuine issue exists as to any material fact. I.R.C.P. 56(c); *Farm Bureau Finance Co., Inc. v. Carney*, 100 Idaho 745, 605 P.2d 72 (1980); *State Tax Commission v. Western Electronics, Inc.*, 99 Idaho 226, 580 P.2d 72 (1978). *See also Smith v. Idaho State University Federal Credit Union*, 103 Idaho 245, 646 P.2d 1016 (Ct.App.1982).

■ The record before the Court demonstrates the existence of several questions of material fact in controversy which are improperly decided on summary judgment, and which should be left for resolution by a jury, *i.e.*, (1) was there snow and/or ice on the walkway, and if so was it an open and obvious danger; (2) did Lyco or its servants know, or in the exercise of reasonable care should they have known, of the existence of ice and/or snow on the walkway; (3) did Lyco exercise reasonable care in its maintenance of the premises by its snow and/or ice removal methods; and (4) was McKinley aware of the ice and/or snow on the walkway, or in the exercise of reasonable care should he have been aware, and did McKinley exercise reasonable care.

We reverse the summary judgment in favor of Lyco and remand for further proceedings consistent with this opinion. Costs to appellant.

DONALDSON, C.J., BISTLINE, J., and McFADDEN and McQUADE, JJ. Pro Tem., concur.