755 P.2d 1290

**Glenda BATES, Plaintiff–Respondent Cross–Appellant,**

**v.**

**EASTERN IDAHO REGIONAL MEDICAL CENTER, Defendant–Appellant Cross–Respondent.**

**Nos. 16688, 16762.**

Supreme Court of Idaho.

May 31, 1988.

St. Clair, Hiller, Wood, McGrath, St. Clair & Baker, Idaho Falls, for defendant-appellant cross-respondent. Alan C. Stephens argued.

Goicoechea Law Office, Idaho Falls, for plaintiff-respondent cross-appellant. Delwin W. Roberts argued.

SHEPARD, Chief Justice.

This is a consolidation of two appeals resulting from a grant of summary judgment in favor of defendant, Eastern Idaho Regional Medical Center, and a later order of the district court reversing his initial decision and denying the medical center's motion for summary judgment. We affirm the district court's initial grant of summary judgment, and reverse its order denying summary judgment.

For several weeks prior to January 2, 1985, the weather in Idaho Falls had been harsh and cold, and the streets and other travel areas were ice-covered. During that period plaintiff-respondent Bates had twice gone to the medical center to visit a patient. On January 2 Bates again went to the center to visit the patient and parked in the emergency room parking lot. She walked across the parking lot to a pedestrian walkway, and thence to the emergency entrance into the hospital. The parking lot and the pedestrian walkway were covered with ice. When Bates exited the hospital she began to retrace her route along the walkway to the parking lot, and fell. Plaintiff admitted that she fell only because of the slick ice, and not because of any hidden bumps or dangers. She received orthopedic injuries to her spine, and was treated at the medical center.

Bates filed her action against the medical center alleging that the center was negligent in the maintenance of its premises in that "neither the parking lot or the pedestrian walkway upon which plaintiff fell had not been salted, sanded, or properly maintained for the weather conditions." The medical center answered, raising defenses of Bates' own negligence, assumption of

the risk, and that the injury occurred because of causes not within its province, scope, or control.

Upon a motion for summary judgment, the district court granted the motion in favor of the defendant hospital on the basis that the ice was an open and obvious danger, and thus the defendant had no duty to the plaintiff. Plaintiff filed a notice of appeal from the order granting summary judgment, and pending that appeal filed an I.R.C.P. 60(b)(6) motion for reconsideration and reversal of the order granting summary judgment. The order granting summary judgment in favor of the defendant was reversed. The district court based its reversal of its previous summary judgment order on its interpretation of the then recently issued opinion of this Court in *McKinley v. Lyco Enterprises*, 111 Idaho 792, 727 P.2d 1220 (1986).

The facts in the instant case are relatively straightforward, and not in any substantial disagreement between the parties, although they must be viewed from the standpoint most favorable to plaintiff Bates. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982); I.R.C.P. 56(c). The route taken by Bates through the parking lot and along the pedestrian walkway was covered with ice. Insofar as the record before us indicates, no effort had been made to salt or sand the surface of the ice. It is assumed without argument that Bates was an invitee. At this juncture we must assume that the ice posed a dangerous and hazardous condition. It is established that Bates was not an employee of the medical center, nor was she acting within the scope of an employer/employee relationship in entering and exiting the medical center, but rather was at the medical center in her own interest to visit a patient. Likewise, there is no question but that Bates was aware of the icy condition, that she attempted as best she could to cope with the hazard, and that her fall was solely the result of the known icy condition. Her fall did not result from any concealed hazard, as was the case in *McCasland v. Floribec, Inc.*, 106 Idaho 841, 683 P.2d 877 (1984).

Rather, it is apparent that the only question presented in the instant case is the state of the law in Idaho regarding a landowner's liability for injuries to invitees which result from dangerous conditions which are known to the invitee. Bates' argument is two-fold: (1) that this Court has or should adopt § 343 [1] and § 343A [2] of the *Restatement (Second) of Torts;* and secondly, that the cases of *Ryals v. Broadbent Development Company*, 98 Idaho 392, 565 P.2d 982 (1977) and *Keller v. Holiday Inns, Inc.*, 107 Idaho 593, 691 P.2d 1208 (1984), have modified the preexisting case law in Idaho and permitted recovery in circumstances such as exist in the instant case albeit an invitee/plaintiff is aware of hazardous and dangerous conditions. We disagree with both prongs of Bates' argument.

The general rule in Idaho was stated in *Otts v. Brough*, 90 Idaho 124, 409 P.2d 95 (1965), that owners of property owe to an invitee the duty to keep the premises in a reasonably safe condition, or to warn the invitee of hidden or concealed dangers.

---

**1.** Section 343. Dangerous conditions known to or discoverable by possessor. Possessor of land is subject to liability for physical harm caused to his invitees by condition on the land if but only if he (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

**2.** Section 343A. Known or obvious dangers. (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them unless the possessor should anticipate the harm despite such knowledge or obviousness. (2) In determining whether the possessor should anticipate harm from a known or obvious danger the fact that the invitee is entitled to make use of public land or the facilities of a public utility is a factor of importance indicating that the harm should be anticipated.

But, "[s]uch duty, however, only requires the exercise of ordinary care, and does not extend to dangers which are known to the invitee, or which are, or by the exercise of ordinary care, should have been observed by the invitee." 90 Idaho at 131–32, 409 P.2d 95. In *Ryals, supra,* the Court had for consideration a slip and fall case, and whether an instruction outlining the duty of the owner of the premises to an invitee was a correct statement of the law. The Court said therein:

> That instruction was taken almost verbatim from *Restatement of Torts,* 2d ed. § 343A, and has been widely accepted since its adoption, Annot. 35 A.L.R.3d 230 (1971) and we find no error therein. Although defendant argues that *Otts v. Brough,* 90 Idaho 124, 409 P.2d 95 (1965) and *Mann v. Safeway Stores, Inc.,* 95 Idaho 732, 518 P.2d 1194 (1974) mandate a contrary result, we do not agree. 98 Idaho at 396, 565 P.2d 1208.

That language of *Ryals,* however, only commanded a plurality of the Court. In *Tommerup v. Albertson's, Inc.,* 101 Idaho 1, 607 P.2d 1055 (1980), the Court had for consideration a slip and fall case, and the duty upon the owner of premises to warn an invitee of dangerous conditions known to the invitee. The Court, without any discussion of *Ryals, supra,* or section 343A of the *Restatement (Second) of Torts,* reaffirmed the language and holding of *Otts, supra,* and *Mann, supra,* stating:

> Appellants next argue the trial court erred in instructing the jury that there is no duty on the part of the owner to warn the invitee of obvious and ordinary risks attendant on the use of the premises, and that the owner is under no duty to reconstruct or alter the premises so as to obviate such known or obvious dangers. We find no error. The duty to keep the premises safe for an invitee only requires the exercise of ordinary care, and does not extend to dangerous conditions which are known to the invitee or which are or by the exercise of ordinary care should have been observed by the invitee. *Otts*

*v. Brough, supra.* In the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself. (Citation omitted). 101 Idaho at 4–5, 607 P.2d 1055.

In *Keller v. Holiday Inns, Inc.,* 107 Idaho 593, 691 P.2d 1208 (1984), this Court had for review a decision of the Court of Appeals which adopted §§ 343 and 343A of the *Restatement (Second) of Torts.* This Court held that in such adoption of the *Restatement (Second) of Torts* the Court of Appeals had gone too far. A unanimous Court in the more recent case of *McCasland, supra,* without any discussion of the sections of the *Restatement (Second) of Torts,* reaffirmed the decision of *Tommerup.* Hence, we conclude that a majority of this Court continues to adhere to the orthodox view expressed in *Tommerup* that "[t]he duty to keep the premises safe for an invitee only requires the exercise of ordinary care, and does not extend to dangerous conditions which are known to the invitee, or which are or by the exercise of ordinary care should have been observed by the invitee." 101 Idaho at 4–5, 607 P.2d 1055, citing *Otts v. Brough, supra.* Hence we reject the invitation to adopt the language of the pertinent sections of the *Restatement (Second) of Torts.*

The other prong of the argument of appellant Bates is that the traditional rule in *Tommerup* has been eroded by the decisions of this Court in *Ryals* and *Keller.* We disagree. In *Keller v. Holiday Inns, Inc., supra,* the Court explained that the *Tommerup* rule is not absolute, and that *Ryals* had created an exception. The Court stated:

> The common theme in *Ryals* and the present case is the difficult position of an employee when directed by the employer to perform work which involves a dangerous condition or activity on the land-

owner's premises. In these cases, the landowner has reason to expect that the employee will proceed to encounter the dangerous condition in order to keep his or her job. Since the employer is shielded from liability by the workman's compensation laws, these cases will necessarily involve the employee/invitee and the landowner. We hold that *in these situations,* a landowner is not relieved of the duty of reasonable care which the landowner owes to the employee/invitee for his or her protection even though the dangerous condition is known and obvious to the employee. (Emphasis added). 107 Idaho at 595, 691 P.2d 1208.

Hence, even though we may agree that the rule of *Tommerup* is not absolute, the facts and circumstances of the instant case do not bring it within the purview of the holding of the *Ryals* or *Keller* decisions. Hence, we hold that the entry of the initial summary judgment in favor of the defendant in the instant case was correct, and is affirmed.

Finally, it is argued that the district court was correct in reversing his grant of summary judgment to the defendant, and upon reconsideration denying defendant's motion for summary judgment on the basis of this Court's opinion in *McKinley v. Lyco Enterprises, Inc.,* 111 Idaho 792, 727 P.2d 1220 (1986). We disagree. As indicated by that opinion, the circumstances of *McKinley* differ substantially from the facts in the case at bar. In *McKinley* certain facts were hotly contested, *i.e.,* whether there was ice on the walkway which plaintiff McKinley did not see; if the accident happened during the nighttime and the area was in darkness; if part of the exterior lighting at the apartment complex was inoperative; and if the area where the accident occurred was at least in partial darkness. Hence, the issue of whether the danger of the ice was open and obvious to the plaintiff was an issue of fact improperly resolved at the point of summary judgment. Hence, the trial court erred in his reliance upon *McKinley* in the instant case.

In conclusion, this Court continues to adhere to the traditional rule of *Tommer-*

*up,* holding that landowners owe a duty of ordinary care to invitees, but that such duty does not extend to dangerous conditions which are known or should be known by the invitee in the exercise of ordinary care. Thus, we affirm the initial order of summary judgment in favor of the medical center, and reverse the grant of plaintiff's motion for reconsideration and the district court's subsequent reversal of summary judgment.

No costs and no attorney fees on appeal.

BAKES and JOHNSON, JJ., concur.

HUNTLEY, Justice, dissenting.

I must respectfully dissent from the majority opinion which, in effect, establishes a rule of law in Idaho that the owner of a premises, such as a hospital, need not sand nor take any other precautions when ice is known to have been formed on an inclined walkway entrance, when the owner of the premises is well aware that it is the likely and probable entrance to be utilized by the public invited to come upon its premises.

As the majority notes, in *Keller v. Holiday Inns, Inc.,* 107 Idaho 593, 691 P.2d 1208 (1984), this Court held that the landowner "[who] has reason to expect that the employee will proceed to encounter the dangerous condition in order to keep his or her job ... is not relieved of the duty of reasonable care which the landowner owes to the employee/invitee for his or her protection even though the dangerous condition is known and obvious to the employee." 107 Idaho at 595, 691 P.2d 1208.

The facts in this case are not substantially different than those in *Keller, supra,* and this case should be decided on the same theoretical basis. The hospital was open for business, and the management was fully aware that staff, patients and invitees would be utilizing this entrance to the hospital, whether or not it was dangerous.

A fact not mentioned in the majority opinion which makes this ruling even more

egregious, is that the inclined walkway where the plaintiff fell was actually the blue-painted, handicapped person access. It defies belief that this Court would pronounce a rule of law that there is not even a jury question as to whether premises are in a "reasonably safe condition" where the premises in question consists of an access for handicapped people which is not even sanded, and where the hospital is fully aware of build-up of ice.

I would apply the reasoning of *Keller* to this case and remand for a jury trial on the issue of whether this handicapped-access walkway was reasonably maintained under the circumstances.

BISTLINE, J., concurs.