793 P.2d 211

**Deborah ROBERTSON,**
**Plaintiff–Appellant,**

v.

**MAGIC VALLEY REGIONAL MEDI-**
**CAL CENTER,**
**Defendant–Respondent.**

**No. 17924.**

Supreme Court of Idaho.

May 29, 1990.

McDevitt & Meyers, Pocatello, for plaintiff-appellant. Jerry R. Meyers, argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for defendant-respondent. John A. Bailey, Jr., argued.

JOHNSON, Justice.

This is a slip and fall case in which an invitee was injured in a parking lot where snow and ice had accumulated. Summary judgment was granted dismissing the complaint on the basis of the open and obvious danger doctrine. We hold that the open and obvious danger doctrine should not have been applied to this case and that the natural accumulation rule is not consistent with the comparative negligence law of this state.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

In November 1985, Deborah Robertson slipped and fell in the snow-covered parking lot of the Magic Valley Regional Medical Center (Magic Valley) and sustained knee and back injuries. In September 1986, Robertson sued Magic Valley for neglecting its duty of due care by not clearing the parking lot of snow and ice.

On December 1, 1988, the trial court granted Magic Valley's motion for summary judgment on the ground that Robertson knew of the snowy condition when she entered the parking lot and should have been aware that the parking lot could have been icy as well. The trial court stated: "The law in Idaho is clear that if an invitee knows of a dangerous condition, or with the exercise of ordinary care he should have known of the condition, a landowner is not liable for any injuries to the invitee arising from the dangerous conditions." This principle of law is commonly called the open and obvious danger doctrine. In support of its ruling, the trial court cited our decision in *Bates v. Eastern Idaho Regional Medical Center*, 114 Idaho 252, 755 P.2d 1290 (1988).

On January 17, 1989, we issued our opinion in *Harrison v. Taylor*, 115 Idaho 588, 768 P.2d 1321 (1989), abolishing the open and obvious danger doctrine in this state. The next day Robertson filed this appeal.

## II.

### HARRISON v. TAYLOR APPLIES TO THIS CASE.

Robertson asserts that *Harrison v. Taylor* should be applied to this case. We agree.

Recently, we have held that *Harrison* is to be applied retroactively. *Baker v. Shavers, Inc.*, 117 Idaho 696, 791 P.2d 1275 (1990). In addition to the rationale stated there for the retroactive application of *Harrison*, we offer a further explanation here.

The underpinning of *Harrison v. Taylor* was "the legislative mandate that comparative negligence *shall* apply in all negligence actions. I.C. § 6–801." 115 Idaho at 591, 768 P.2d at 1324. We held that the open and obvious doctrine was inconsistent with comparative negligence.

I.C. § 6–801 was enacted by our legislature in 1971. Since we premised our decision in *Harrison* on the conflict between the statute and the doctrine, we can only conclude that the doctrine was open to attack on this grounds when the statute became effective in 1971.

Our decision in *Harrison v. Taylor* overturned the prior decisions of this Court such as *Bates* in which the open and obvious danger doctrine had been applied. In none of these prior decisions had we ruled on how the enactment of comparative negli-

gence affected the liability of the doctrine. Our decision in *Harrison* was not a change in our view of the effect of I.C. § 6–801 on the doctrine, it was merely the first time we had specifically addressed the question. Therefore, there is no reason to consider applying *Harrison* only prospectively or in a modified prospective fashion. *Cf. Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974); *Jones v. Watson,* 98 Idaho 606, 570 P.2d 284 (1977); *Bergman v. Henry,* 115 Idaho 259, 766 P.2d 729 (1988).

The record in *Bates* does not indicate that the injured invitee in that case challenged the open and obvious danger doctrine on the basis of I.C. § 6–801. The challenge there was on a common law basis.

As noted in *Harrison v. Taylor,* our Court of Appeals in its opinion in *Keller v. Holiday Inns, Inc.,* 105 Idaho 649, 656–57, 671 P.2d 1112, 1119–20 (Ct.App.1983), pointed out the inconsistency between the open and obvious danger doctrine and comparative negligence. 115 Idaho at 592, 768 P.2d at 1325. On review of *Keller* by this Court, we reached the same disposition of the appeal, but did not mention this aspect of the opinion of the Court of Appeals. *Keller v. Holiday Inns, Inc.,* 107 Idaho 593, 691 P.2d 1208 (1984).

Recently, we have applied *Harrison v. Taylor* retroactively. *Arrington v. Arrington Bros. Constr. Inc.,* 116 Idaho 887, 781 P.2d 224 (1989). In *Arrington,* the injury at issue occurred before the injury in *Harrison.* The application of *Harrison* to the facts in *Arrington* is consistent with the rationale of *Harrison* that it was the enactment of comparative negligence in 1971 that made the open and obvious danger doctrine vulnerable.

For these reasons, and because of our decision in *Baker,* we apply *Harrison v. Taylor* to this case.

### III.

#### THE NATURAL ACCUMULATION RULE IS NOT CONSISTENT WITH I.C. § 6–801 AND HARRISON v. TAYLOR.

■ Magic Valley asserts that *Harrison v. Taylor* should be read narrowly to abol-ish the open and obvious danger doctrine only as to human-created conditions and not as to natural accumulations, such as ice and snow. We are unable to read *Harrison* this narrowly.

The natural accumulation rule was discussed in *Harrison.* 115 Idaho at 594–95, 768 P.2d at 1327–28. While the discussion there was dicta, since the condition at issue was a defect in a sidewalk, not a natural accumulation, the rationale of the decision in *Harrison* is not consistent with the creation of an exception to the comparative negligence rule.

As it existed at the time of Robertson's accident, I.C. § 6–801 provided that "[c]ontributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence...." If this statute applies to actions for negligence relating to human-created hazards, as *Harrison* says it does, we are not able to discern how we could construe the statute to allow an exemption for negligence as to natural accumulations. To do so would require us to construe the statute as allowing us to apply comparative negligence in some cases but not in others. As we read the statute, it does not allow us to do that. The statute speaks categorically about actions for negligence.

This is not to say that we believe that Magic Valley was negligent. That question must be addressed at the trial of this case, or on appropriate motions before trial.

### IV.

#### CONCLUSION.

We vacate the summary judgment and remand this case to the trial court.

We award costs but no attorney fees to the appellant.

BISTLINE, BOYLE and McDEVITT, JJ., concur.

BAKES, Chief Justice, dissenting:

I dissent from the majority's conclusion "that the natural accumulation rule is not

consistent with the comparative negligence law of this state." *Ante* at 980, 793 P.2d at 212. For the reasons set out in my concurring and dissenting opinion in *Baker v. Shavers, Inc.*, 117 Idaho 696, 791 P.2d 1275 (1990), neither the open and obvious danger doctrine nor the related natural accumulation rule, which holds that there is no duty on a landowner to remove or warn of the natural accumulation of ice and snow where it is open and obvious to the invitee, are in any way affected by the comparative negligence statute adopted by the Idaho legislature in 1971. The open and obvious danger doctrine, and the natural accumulation rule, provide that there is no duty on a landowner to warn or protect invitees against open and obvious dangers, such as the natural accumulation of ice and snow, and therefore, there being no duty, there is no negligence on the part of the landowner. The comparative negligence statute did not create a duty in negligence where none existed before, but merely provided that any negligence of the plaintiff would no longer be a complete defense, but would be compared to the negligence, if any, of the defendant. However, where the defendant landowner owes no duty to the plaintiff, there is no negligence on the landowner's part to compare, and thus the comparative negligence statute has no bearing upon the open and obvious danger doctrine. That is, until this Court erroneously held otherwise in *Harrison v. Taylor*, 115 Idaho 588, 768 P.2d 1321 (1989), and *Baker v. Shavers, Inc.*, 117 Idaho 696, 791 P.2d 1275 (1990), two cases wherein this Court held that the open and obvious danger doctrine was abolished by the comparative negligence statute, I.C. § 6–801 *et seq.*, and that *Harrison v. Taylor* was to be applied retroactively.

I recognize that *Harrison v. Taylor* and *Baker v. Shavers, Inc.*, are now the law of this state. However, that does not mean that the natural accumulation rule should also be abolished. *Harrison v. Taylor* was not a natural accumulation of ice and snow case. *Harrison v. Taylor* was a midsummer afternoon hole-in-the-sidewalk case. Thus, while *Harrison v. Taylor* did purport to abolish the natural accumulation (of ice

and snow) rule, any pronouncement to that effect in that case was *dicta*, as the majority opinion readily acknowledges, *ante* at 981, 793 P.2d at 213. Therefore, *Harrison v. Taylor* is not binding precedent and need not be followed in this case, as the majority wrongfully supposes. It is at best persuasive if, after a separate analysis, it appears to be based on a correct analysis. I believe that it is not.

First, *Harrison v. Taylor* erred when it concluded that the enactment of the comparative negligence statute in 1971 abolished the open and obvious danger doctrine and the natural accumulation rule. As noted above, the open and obvious danger doctrine provided that there was no duty on a landowner to warn or protect invitees from open and obvious dangers such as the natural accumulation of ice and snow. There being no duty, there was no negligence on the part of a landowner under those circumstances. The comparative negligence statute did not impose a duty or create negligence where none existed before. Rather, it merely provided that the negligence of a plaintiff would no longer be a complete defense, but would be compared to the negligence, if any, of the defendant, and any judgment in favor of the plaintiff would then be reduced by the amount of the plaintiff's negligence. Neither the majority today, nor the majority in *Harrison v. Taylor*, has pointed to anything in the comparative negligence statute, I.C. § 6–801 *et seq.*, which purports to create any duty on the part of the Magic Valley Regional Medical Center in this case, the breach of which could result in a finding of negligence. Since no duty existed before under the natural accumulation of ice and snow rule, that rule remains unaffected by the enactment of the comparative negligence statute, and we should affirm the summary judgment in this case.

It would be one thing if the Court was abolishing the open and obvious danger doctrine and the natural accumulation rule on the ground that those common law doctrines were no longer consistent with the social and economic needs of the State of Idaho. However, the Court has not chosen

to modify the common law on socio-economic grounds because, I believe, the conditions which led the Court to adopt those rules have not changed, and therefore a change in the common law is not justified. The natural accumulation rule is a common sense rule for those areas of the country where ice and snow in the winter are a common and unmistakable fact of life. Our neighboring states, with similar climates, have retained the rule that a landowner is not liable for the natural accumulation of ice and snow which is open and obvious, even though those states have abolished the open and obvious danger doctrine. *Cereck v. Albertson's, Inc.*, 195 Mont. 409, 637 P.2d 509 (1981); *O'Donnell v. City of Casper*, 696 P.2d 1278 (Wyo. 1985). We should do the same. This Court had just reaffirmed the common law open and obvious danger doctrine eights months before the *Harrison* decision. *Bates v. Eastern Idaho Regional Medical Center*, 114 Idaho 252, 755 P.2d 1290 (1988). There has been no claim made that the socio-economic needs of Idaho changed in that eight months requiring a change in the common law. Rather the Court in *Harrison* relied entirely on a misconstruction of the comparative negligence statute enacted by the legislature in 1971 in order to abolish the open and obvious danger rule. The Court today continues that misconstruction of the comparative negligence statute in abolishing the natural accumulation rule. I dissent for the reasons set out above and in my dissenting opinion in *Baker v. Shavers, Inc.*