While I concur in the judgment, I write separately to again state that the "open and obvious" doctrine, insofar as it magically negates any negligence on the part of the owner or occupier of land, has no continuing viability after the advent of comparative negligence.
In Ohio, some courts continue to uphold the viability of the open and obvious doctrine as a complete bar to a plaintiff's recovery in slip-and-fall cases.[1] But courts in other states have concluded that the open and obvious doctrine should not always be a complete bar; rather, it should only be a factor to be taken into account in determining a plaintiff's comparative negligence. Also, courts throughout the country have adopted Section 343A of Restatement of the Law 2d, Torts, which provides that a possessor of land is liable for harm caused by obvious dangers if the possessor should have anticipated the harm.[2]
In addition, in recent years, the Ohio Supreme Court has limited the applicability of the open and obvious doctrine.[3] In 1998, the Ohio Supreme Court did not apply the open and obvious doctrine in a case where the plaintiff tripped over a bucket on a sidewalk it was at least open and obvious that the doctrine might apply, yet the court made no mention of it and cast the issue in terms of comparative negligence.[4]
The open and obvious doctrine is a throwback, or more properly a throwforward, from pre-comparative days. While courts continue to use it, as here, it creates confusion, because I do not think it is being used in the older sense. Here, the issue is properly whether the negligence of plaintiff in failing to see a plain hazard is greater, as a matter of law, than the negligence, if any, of the landowner. If we substitute "open and obvious" for "plain" in the previous sentence, it is grammatically correct, but perpetuates the antiquated doctrine. The landowner always has aduty to keep the premises reasonably safe, but the owner's negligence may be overcome, as a matter of comparative negligence, by the invitee's (and those distinctions should also be scrapped) negligence.
In this case, I agree that the plaintiff's negligence so dwarfs that of the owner that the trial court correctly entered summary judgment.
[1] See, e.g., Chapman v. Meinke (Dec. 19, 1997), Lucas App. No. L-97-1145, unreported; Anderson v. Ruoff (1995), 100 Ohio App.3d 601,654 N.E.2d 449.
[2] See, e.g., Rockweit v. Senecal (1995), 197 Wis.2d 409,541 N.W.2d 742; Donohue v. San Francisco Hous. Auth. (1993),16 Cal.App.4th 658, 20 Cal.Rptr.2d 148; Robertson v. Magic ValleyRegional Med. Ctr. (1990), 117 Idaho 979, 793 P.2d 211; Tharp v.Bunge Corp. (Miss. 1994), 641 So.2d 20; Donahue v. Durfee (Utah App. 1989), 780 P.2d 1275; Woolston v. Wells (1984), 297 Or. 548,687 P.2d 144; Parker v. Highland Park, Inc. (Tex. 1978),565 S.W.2d 512; see, also, Modern Status of the Rule Absolving a Possessor of Land of Liability to Those Coming Thereon for Harm Caused by Dangerous Physical Conditions of Which the Injured Party Knew and Realized the Risk (1971), 35 A.L.R.3d 230; Coln v.Savannah (Tenn. 1998), 966 S.W.2d 34 (summarizing approaches taken by courts).
[3] See Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,597 N.E.2d 504; see, also, Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 693 N.E.2d 271.
[4] Texler, supra.; accord Schuley v. Consolidated Stores Corp. (Mar. 24, 2000), Mahoning App. No. 98 C.A. 138, unreported.