CONCRETE CONTRACTORS, INC., and American Employers' Insurance Company, Petitioners,

v.

CITY OF ARVADA, Colorado, a municipal corporation, Respondent.

No. 79SC307.

Supreme Court of Colorado, En Banc.

Jan. 5, 1981.

Daniel, McCain & Brown, Edward A. Brown, Brighton, for petitioners.

Benjamin King, Deputy City Atty., Arvada, for respondent.

HODGES, Chief Justice.

The petitioners, Concrete Contractors, Inc. (CCI) and American Employer's Insurance Company (American) sought certiorari review of the court of appeals' dismissal of their appeal from an adverse judgment of the district court. We granted their petition and now reverse and remand to the court of appeals for further proceedings consistent with this opinion.

CCI promised the City of Arvada to line with concrete or to pipe an irrigation ditch which runs across a parcel of land on which CCI had constructed an apartment building. American issued on behalf of CCI a bond guaranteeing the completion of this project. In return for CCI's promise and the bond guaranteeing performance, the City issued a certificate of occupancy of the apartment building.

When CCI failed to perform, the City commenced an action against the petitioners to recover the amount of the bond. The petitioners defended on the basis that, *inter alia*, the contract was void for lack of consideration. Specifically, they asserted that the City could not withhold the certificate of occupancy on the ground that the ditch had not been lined or piped, and therefore, there was no consideration for CCI's promise. The petitioners argued that the municipal resolution imposing the requirement to improve irrigation ditches before a certificate of occupancy would be issued contravened the Arvada City Charter. The district court rejected these arguments and entered judgment for the City. The petitioners appealed this judgment to the court of appeals, which found that the petitioners relied upon the municipal ordi-

nance and a provision of the Arvada City Charter in arguing that the municipal resolution requiring the lining or piping of irrigation ditches was void. The court found that the Arvada City Charter, a relevant municipal ordinance, and the municipal resolution were not contained in the record on appeal.[1] The court of appeals then held that the judgment of the district court is presumed to be correct in the absence of a record indicating error, and accordingly, dismissed the appeal.

It is apparent from reading the record in this case that the district court considered the provisions of the Arvada City Charter, the municipal ordinance, and the municipal resolution.[2] While it is the responsibility of an appellant to provide a thorough record for appellate review, we conclude that the court of appeals abused its discretion in failing to ensure that these provisions of Arvada municipal law were made a part of the record in this case. Pursuant to C.A.R. 10(e), the court of appeals "of its own initiative, may direct that ... if necessary ... a supplemental record be certified or transmitted." Under the facts of this case where the various provisions of municipal law were readily ascertainable and available, the court of appeals should have requested that the record be supplemented rather than dismissing the petitioners' appeal.

The judgment of the court of appeals dismissing the appeal is reversed and this case is remanded for further proceedings in accordance with the views expressed herein.

1. Judicial notice may generally not be taken of municipal ordinances or resolutions. *City of Pueblo v. Murphy*, 189 Colo. 559, 542 P.2d 1288 (1975). Thus, it is a party's responsibility to introduce into the record copies of municipal ordinances or resolutions on which reliance is placed. Courts may take judicial notice, however, of city charters. *Dallasta v. Department of Highways*, 153 Colo. 519, 387 P.2d 25 (1963), *Bennett v. Shotwell*, 118 Colo. 206, 194 P.2d 335 (1948). It is noted that in this case the court of appeals was asked to take judicial notice of the Arvada Charter after a certified copy of it was delivered to the court.

2. This record includes a document captioned "Correction of Record" in which the district court states with reference to exhibit 6 (containing a copy of the pertinent municipal resolution), that it "should be considered as having been admitted into evidence, for it was considered by the Court with the knowledge of all parties and was specifically referred to in the findings of fact."