**CITY OF ARVADA, Colorado, a Municipal Corporation, Plaintiff-Appellee,**

v.

**CONCRETE CONTRACTORS, INC., and American Employers' Insurance Company, Defendants-Appellants.**

**No. 79CA0074.**

Colorado Court of Appeals,
Div. II.

April 9, 1981.

Benjamin King, Deputy City Atty., Arvada, for plaintiff-appellee.

Daniel, McCain & Brown, Edward A. Brown, Brighton, for defendants-appellants.

VAN CISE, Judge.

This case has been remanded by the Supreme Court for consideration on the merits following its decision that this court should have directed that a supplemental record be provided rather than dismissing the appeal because of appellant's failure to supply a sufficient record. *See Concrete Contractors, Inc. v. City of Arvada*, Colo., 621 P.2d 320 (1981), *rev'g*, Colo.App., 622 P.2d 75 (1979). The supplemental record is now before us.

Defendants Concrete Contractors, Inc. (C.C.I.) and American Employer's Insurance

Co. (the bonding company) appeal the judgment requiring C.C.I. to concrete line or pipe the Bayou Ditch, an irrigation ditch running through its property, or be subject to a $23,000 judgment, the amount of a performance and payment bond issued by the bonding company in favor of plaintiff City of Arvada (the city). We reverse.

The pertinent facts are set forth in the prior opinions cited above, and will not be repeated here.

### I.

Defendants contend that the city's resolution approving construction specifications prepared by the city engineer requiring all irrigation ditches to be piped was legally insufficient. We agree.

The *Arvada City Charter* § 5.7 specifies that "every act ... placing any burden upon or limiting the use of private property, shall be by *ordinance.*" (emphasis supplied) Among the procedural requirements for adoption of an ordinance is the requirement that the city council hold a public hearing on the proposed ordinance. *Arvada City Charter* § 5.8.

It is not disputed that application of the city engineer's specification to require C.C.I. to line or pipe the ditch places a burden upon or limits the use of private property. *Cf. Satter v. City of Littleton*, 185 Colo. 90, 522 P.2d 95 (1974); *Pomroy v. Board of Public Works*, 55 Colo. 476, 136 P. 78 (1913). Nor is there anything in the record to indicate that there was a public hearing before the council approved this specification. "[W]here the mode in which [the municipality's] power on any given subject can be exercised is prescribed by [its] charter, the mode must be followed. The mode in such cases constitutes the measure of power." *Berman v. Denver*, 120 Colo. 218, 209 P.2d 754 (1949). *See Perlmutter Associates, Inc. v. Northglenn*, 35 Colo.App. 355, 534 P.2d 349 (1975); 5 *E. McQuillin, Municipal Corporations* §§ 15.02 and 15.03 (3d ed. 1969).

Under the circumstances here, the charter requires an ordinance and, contrary to the city's argument, the charter require-ments for adoption of an ordinance were not complied with in form or in substance. A resolution is insufficient and has no force or effect. Since the specification involved here was not properly adopted, the city had no power to require compliance with it or to condition issuance of a certificate of occupancy upon C.C.I.'s promise to comply with that specification.

### II.

Based on our holding above, the city gave no consideration in exchange for C.C.I.'s promise to line or pipe the ditch and to obtain a performance and payment bond from the bonding company. An agreement not supported by consideration is invalid and unenforceable. *Ireland v. Jacobs*, 114 Colo. 168, 163 P.2d 203 (1945).

In light of this determination, we need not address defendants' further contention that C.C.I. entered into the agreement with the city under duress.

### III.

The city contends that C.C.I. should be barred from asserting the invalidity of the agreement because of laches. As the trial court found, it was not until C.C.I. sought counsel, over two years after entering into the agreement and after the city had twice extended the time for performance, that C.C.I. first realized that there might be a legal reason why it was not obligated to pipe or line the ditch.

Despite actions of the parties in reliance on the purportedly valid agreement, the city has failed to demonstrate that it has been prejudiced by defendants' delay in asserting the invalidity of the agreement or that it has changed its position in such a manner as to render assertion of the invalidity inequitable. Therefore, the doctrine of laches will not be applied here. *See Board of County Commissioners v. Blanning*, 29 Colo.App. 61, 479 P.2d 404 (1970).

The judgment is reversed, and the cause is remanded with directions for the trial court to dismiss the action.

PIERCE and BERMAN, JJ., concur.