749 P.2d 486

Sally MARCHER, Plaintiff–Appellant,

v.

Eloise O. BUTLER, individually,
Defendant–Respondent,

and

David J. Flood, individually; Eloise O.
Butler and David J. Flood dba Flood,
Meyer, Setter & Associates; and Does I
through V and XII through XXV, in-
clusive, Defendants.

No. 16811.

Supreme Court of Idaho.

Jan. 27, 1988.

Jenkins Law Office, Idaho Falls, for ap-
pellant. John O. Avery, argued.

Holden, Kidwell, Hahn & Crapo, Idaho
Falls, for respondent. James D. Holman,
argued.

HENRY F. McQUADE, Justice, pro
tem.

This is a slip and fall case. The plaintiff,
Sally Marcher, was employed as a cleaning

lady for Victoria Golden, the lessee of a two-story condominium owned by the defendant, Eloise Butler. The upstairs and downstairs of the condominium are connected by a stairway that has two ninety degree turns in it—one turn is at the top, the other at the bottom. At the ninety degree turns, the stairs fan out so that they are narrow on one side of the stairway and wide on the other. On January 15, 1984, Marcher was cleaning the condominium for the first time, and as she started downstairs to get additional cleaning supplies, she put her left hand on a smaller wall to the left side of the stairwell and then stepped down. Since she was on the narrow side of the fan-shaped stairs, there was little or no stair where she stepped, and she fell to the bottom of the stairs on her backside. The stairwell did not have handrails.

On October 2, 1984, Marcher filed suit against Butler and various other John Does alleging that each "is negligently responsible in some manner for [plaintiff's fall and subsequent injuries]." Defendant Butler filed a motion for summary judgment on August 9, 1985. The record at this point in time consisted of the pleadings, the deposition of Marcher, and an affidavit of Butler. Butler submitted a memorandum in which she argued that summary judgment was proper because (1) defendant owed plaintiff no duty to protect her from an open, normal and obvious risk; and (2) plaintiff had failed to introduce evidence that the stairs on which she fell were unreasonably dangerous, or that Butler was in any way negligent. In her memorandum in opposition, Plaintiff Marcher argued that it was for a jury to decide whether the absence of a handrail constituted negli-

gence and whether Marcher's fall was caused by her own negligence in walking on the narrow portion of the fan-shaped step. Marcher also tersely mentioned a violation of the Blaine County Building Code, but failed to attach a copy of that ordinance. On September 24, 1985, District Judge Douglas D. Kramer ruled in favor of defendant Butler, reasoning as follows:

"Viewing the pleadings, depositions, affidavits and other documents on file most favorably to Marcher, there is absolutely no way that Butler was at fault. Butler purchased the condominium as is. The stairs were open, visible, well lit and newly carpeted. Butler had not known of anyone else who had fallen on the stairs. There were no obstructions on the stairs. Further, there has been no showing that a handrail is required on stairs of this narrow width. Marcher has failed to show that there are any genuine issues as to any material facts and has failed to state a case as a matter of law. Accordingly, Butler's motion for summary judgment is granted."

A judgment was entered on November 4, 1985, by District Judge Daniel C. Hurlbutt. On November 18, 1985, Plaintiff Marcher filed a motion entitled "Motion to Alter or Amend Judgment." [1] The motion was not noticed up for hearing, and laid dormant for nearly a year. On October 31, 1986, Plaintiff Marcher and Defendant Butler filed memoranda in support and opposition to the motion. Attached to Plaintiff Marcher's motion was a copy of the Blaine County ordinances which apparently applied to the facts her case. The motion to alter or amend judgment was denied on procedural grounds, and alternatively on

---

1. The motion in its entirety reads:

"COMES NOW the Plaintiff above-named, by and through her attorney of record, pursuant to rule 59(e) of the Idaho Rules of Civil Procedure, and moves the Court for its Order altering or amending its judgment entered November 6, 1985 for the following reasons:

"1. The judgment entered in this case, together with the supporting memorandum decision is contrary to the law of this state and specifically inconsistent with the decision of the Idaho Supreme Court in *Stephens v. Stearns*, 106 Idaho 249, 678 P.2d 41 (1984).

"2. The award of attorney's fees contained in the judgment is improper in that no hearing has been held on Defendant's Motion for Award of Attorney's Fees and no evidence appears on the record that Plaintiff's action was brought or pursued frivolously, unreasonably or without foundation.

"This motion is based upon the pleadings, documents, exhibits and materials presently in the court file, together with such memoranda and affidavits as may subsequently be presented to the court."

the merits by District Judge J. William Hart. An appeal was thereupon certified pursuant to I.R.C.P. 54(b).

The issues on appeal are both procedural and substantive. Defendant Butler stresses the procedural issues and Plaintiff Marcher the substantive ones. Because the procedural issues are threshold, they will be discussed first.

### I.

### *Timeliness of Appeal From Summary Judgment*

The parties do not dispute that Marcher's motion to alter or amend judgment pursuant to I.R.C.P. 59(e) was timely filed. However, because the motion was dormant from the time of filing, November 18, 1985, until October 31, 1986, when Marcher submitted a memorandum in support of the motion, the parties dispute the legal effect of the motion to alter or amend the judgment.

The last paragraph of Marcher's motion to alter or amend states: "This motion is based upon the pleadings, documents, its exhibits and materials presently in the court file, together with such memoranda and affidavits as may subsequently be presented to the court." Butler argues that since Marcher did not notice up her motion for hearing and did not file a written memorandum within fourteen days, as would seem to be required by I.R.C.P. 7(b)(3),[2] the motion did not comport with I.R.C.P. 7 and was thus subject to dismissal without notice at the court's own discretion. From this, Butler concludes that the motion was a legal non-entity, which did not toll the time to appeal from the order granting summary judgment.

■ We must disagree. Butler is correct that a movant who neither requests oral argument nor submits written briefs may find that its motion has been denied by the trial court without notice. The rules grant such discretion. I.R.C.P. 7(b)(3). It does not necessarily follow, however, that the motion is a legal non-entity. Rule 7 only says that the court *may* dismiss the motion without notice, and clearly does not require this, and does not even establish a time frame in which filed motions must be noticed up for argument. Because it is equally within the trial court's discretion to permit written or oral argument, even where such was not requested within fourteen days, we hold that the time for appealing the district court's summary judgment order was tolled by Marcher's motion to alter or amend the judgment.

Marcher's motion to alter or amend the judgment was served not later than fourteen days after entry of the order granting summary judgment and was thus timely. I.R.C.P. 59(e). The full time for appeal therefore commenced to run anew from the entry on December 5, 1986, of the district court's order disposing of the motion to alter or amend. *See First Security Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977). The trial court certified an appeal pursuant to I.R.C.P. 54(b) on December 29, 1986. Marcher's notice of appeal, which was filed on January 14, 1987, therefore comported with the forty-two-day time period of I.A.R. 14 and was timely.

### II.

### *Judicial Notice of Municipal Ordinances*

■ Marcher argues that the trial court should have taken judicial notice of the Uniform Building Code and the Sun Valley Municipal Ordinance which adopted it when it ruled upon Butler's motion for summary judgment. This position lacks merit.

---

**2.** I.R.C.P. 7(b)(3) reads as follows:

"**Rule 7(b)(3). Briefs and arguments on motions.**—It shall not be necessary to file a brief or memorandum of law in support of a motion, but the moving party must indicate upon the face of the motion whether he desires to present oral argument or file a brief within 14 days with the court in support of the motion. If the moving party does not request oral argument upon the motion, and does not file a brief within 14 days, the court may deny such motion without notice if the court deems the motion has no merit. If argument has been requested on any motion, the court may, in its discretion, deny oral argument by counsel by written or oral notice to all counsel before the day of the hearing, and the court may limit oral argument at any time."

First, Marcher's complaint fails to mention the code or the ordinance. The only mention of the code or the ordinances before the court when it ruled upon the motion for summary judgment came in Marcher's brief in opposition to Butler's motion for summary judgment, in which it was argued:

At the time she purchased the condominium, Mrs. Butler was aware that there was no handrail on the stairway. Despite knowledge of this defect, which is a violation of the Blaine County Building Code, Mrs. Butler apparently did nothing to rectify the situation before renting the condominium to Ms. Golden.

Marcher then argued that *Stephens v. Stearns*, 106 Idaho 249, 678 P.2d 41 (1984), establishes that the lack of a handrail in violation of local building codes constitutes negligence per se. Marcher did not supply the trial court with the applicable ordinances and codes at the summary judgment stage. Her offhand mention of building codes was insufficient to put the trial court on notice of them.

■ Further, there appears to be some authority for the proposition that courts may not take judicial notice of municipal ordinances. Section 9–101 of the Idaho Code deals with judicial notice of legislative facts. It states in relevant parts: "Courts take judicial notice of the following facts: ... public and private official acts of the legislature, executive and judicial departments of this state and of the United States." Inasmuch as this statute only permits a court to take judicial notice of legislative acts, it follows that the court may not take judicial notice of city ordinances or of the various codes adopted under them. Such matters must be proved. *See People v. Buchanan*, 1 Idaho 681, 684 (1878) ("courts will, judicially, take notice of the public and private acts of legislatures, and assume them to be true; such, however, is not the rule in regard to city ordinances; they must be proved either by the record, or by a certified copy thereof."). *Accord, Keyes v. Amundson*, 391 N.W.2d 602, 607 (N.D.1986); *Hyman v. Robinson*, 713 S.W.2d 300, 301 (Mo.App.1986); *Concrete Contractors, Inc. v. City of Arvada*,

621 P.2d 320 (Colo.1981), *on remand* 628 P.2d 170 (Colo.App.1981); *Hood v. Mayor and Aldermen of City of Savannah*, 277 S.E.2d 54, 55 (Ga.1981); *City of Cedar Rapids v. Cach*, 299 N.W.2d 656, 659 (Iowa 1980); *General Motors Corporation v. Fair Employment Practices Division of Council on Human Relations of St. Louis*, 574 S.W.2d 394, 400 (Mo.1978); *Pelican Production Corporation v. Mize*, 573 P.2d 703, 704 (Okla.1977).

We therefore hold that the failure of the trial court to take judicial notice of the municipal ordinances implicated by the facts of this case was not error. We do not decide today whether the ordinances, had they been properly made a part of the record, would have established a standard of conduct for Butler. This appeal does not present that question.

### III.

### *Good Cause for Submission of New Evidence*

■ Marcher eventually submitted to the trial court copies of the applicable section of the Uniform Building Code in her brief in support of motion to alter or amend the judgment. Because this motion attempts to present new information which the trial court did not have before it when rendering its decision granting summary judgment, the motion must be considered a motion for relief from judgment under I.R.C.P. 60(b), at least with regard to the issue of negligence per se for violation of a safety statute. *See Lowe v. Lym*, 103 Idaho 259, 263, 646 P.2d 1030 (Ct.App.1982). Rule 60(b) allows a court to relieve a party from a final judgment or order where there is shown:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or dis-

charged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief form the operation of the judgment....

I.R.C.P. 60(b).

The facts of the instant case do not involve "mistake, inadvertence, surprise, or excusable neglect." Further, the ordinances could have been found and brought to the court's attention by due diligence. It appears such was not done because, at best, there was a mistaken understanding as to the ability to take judicial notice of municipal ordinances, or at worst, the municipal ordinance argument was not contemplated by Marcher until after the decision granting summary judgment.

There has been no good cause shown for the failure to make the municipal ordinances and building codes a part of the record for the trial court when it ruled upon the motion for summary judgment. Therefore, the trial court was not required to consider these materials when it ruled upon the so-called motion to alter or amend the judgment. We find no error in the trial court's decision not to address Marcher's argument of negligence per se based upon a breach of a safety statute. This argument simply was not before the court at summary judgment, and the court was not required to address it at the later stage.

## IV.

### Propriety of Summary Judgment

■ Finally we address the question whether under ordinary negligence principles Butler was entitled to summary judgment. Of course, such would only be the case if, after the facts in the record and all reasonable inferences which could be drawn from them were construed in favor of Marcher, it could be fairly said that no genuine issues of material fact existed, and that Butler was entitled to judgment as a matter of law. I.R.C.P. 56(c).

The trial court analyzed the facts of this case under the traditional trespasser-licen-

see-invitee approach, *see Keller v. Holiday Inns, Inc.*, 107 Idaho 593, 691 P.2d 1208 (1984), and found that Marcher was an invitee since she conferred a material or tangible benefit upon the occupant of Butler's condominium. The court then concluded as follows:

The premises were in a "reasonably safe condition," and there were no "hidden or concealed dangers." ... To make the lack of a handrail in this case a question of material fact is a paper issue only....

... Simply alleging no handrail existed does not establish that a duty to have a handrail existed....

Viewing the pleadings, depositions, affidavits and other documents on file most favorably to Marcher, there is absolutely no showing that Butler was at fault in any way. Butler purchased the condominium as is. The stairs were open, visible, well-lit and newly carpeted. Butler had not known of anyone else who had fallen on the stairs. There were no obstructions on the stairs. Further, there has been no showing that a handrail is required on stairs of this narrow width. Marcher has failed to show that there are genuine issues as to any material facts and has failed to state a case as a matter of law. Accordingly, Butler's motion for summary judgment is granted.

In ruling upon the motion, the trial court applied an incorrect legal standard. In *Keller* this Court held that a lessor may be liable to an invitee/employee who suffered injuries proximately caused by unsafe condition of the premises even though the danger is obvious and known to such invitee. We also said that an employee will proceed to encounter the dangerous condition in order to keep his or her job. In the present case the plaintiff was performing duties on the second floor of the condominium at the request of the tenant.

The defendant, Butler, owed a duty of reasonable care to the plaintiff to provide safe conditions for employment upon the premises. Whether the premises were safe for employment as required of the plaintiff

is a question of fact to be submitted to a jury.

Accordingly, we hold that the trial court erred in granting Butler's motion for summary judgment. The decision below is reversed and remanded for further proceedings consistent with the view expressed herein.

Costs to appellant.

No attorney fees on appeal.

BAKES, BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, C.J., dissents without opinion.

BISTLINE, Justice, specially concurring:

I concur with the majority except that, in addition to the rationale supplied by *Keller* (a tenant's employee will encounter a known unsafe condition in order to keep his or her job; therefore the landlord owes a duty of reasonable care to the tenant's employee), I would add a discussion of *Stephens v. Stearns* which bolsters the position we adopt today.

In *Stephens v. Stearns, supra,* we held that the measure of a landlord's duty to its tenant is not determined under trespasser-licensee-invitee analysis, but rather, "A landlord must act as a reasonable person under all of the circumstances including the likelihood of injury to others, the probable seriousness of such injuries, and the burden of reducing or avoiding the risk." *Id.,* at 258, 678 P.2d at 50, *quoting Sargent v. Ross,* 113 N.H. 388, 308 A.2d 528, 534 (1973). The landlord's duty to exercise reasonable care in light of all the circumstances extends to his or her tenant or anyone on the premises with the tenant's consent. *Pagelsdorf v. Safeco Ins. Co. of America,* 91 Wis.2d 734, 284 N.W.2d 55, 61 (1979). The trial court's reliance upon the traditional law pertaining to invitees was misplaced. The test is one of reasonableness under all the circumstances, not one of hidden or obvious dangers, or exceptions to the traditional general rule of non-liability for landlords. As we have said before, there is no justification for this general cloak of common law immunity for landlords. *Stephens v. Stearns, supra. See also, Pagelsdorf, supra.*

Furthermore, as to the finding below of a non-existence of questions of material fact, *Stephens v. Stearns,* which involved facts similar to those of the instant case, reached a contrary result:

> [W]e do not believe that the jury would have had to rely on conjecture and speculation to find that the absence of the handrail was the actual cause [of plaintiff's injuries]. To the contrary, we believe that reasonable jurors could have drawn legitimate inferences from the evidence presented to determine the issue. This comports with the general rule that the factual issue of causation is for the jury to decide. [Citations.] In addition, courts in several other jurisdictions, when faced with similar factual settings, have held that this issue is a question for the jury. [Citations.] Therefore, we hold that there was sufficient evidence from which the jury could have concluded that the absence of the handrail was the actual cause of plaintiff's injuries.

106 Idaho at 253, 678 P.2d at 45.

I find the analysis in *Stephens v. Stearns* readily applicable to the facts at hand. There exists a genuine issue of material fact as to causation. Further, whether Butler breached her duty to Marcher involves a balance of the factors we quoted from *Sargent, supra,* and an examination of all the circumstances surrounding Marcher's fall. Such is a question for triers of fact.

HUNTLEY, J., concurs.