195 P.3d 745

**In the Interest of Jane Doe, A Child Under 18 Years of Age.**

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Jane DOE, Defendant–Appellant.**

No. 34766.

Court of Appeals of Idaho.

Sept. 25, 2008.

Wiebe & Fouser, Canyon County Public Defenders; Thomas A. Sullivan, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

WALTERS, Judge Pro Tem.

During a proceeding under the Juvenile Corrections Act, a magistrate took judicial notice of a city ordinance over the objection of the appellant. The district court affirmed the magistrate's ruling on an intermediate appeal. We affirm the decision of the district court.

## I.

## BACKGROUND

The appellant, Jane Doe, was the subject of a petition filed by the State under the Juvenile Corrections Act (JCA). In the petition, the State alleged specifically that Doe had violated the curfew established by section 08–05–05 of the Caldwell City Code. At the commencement of the hearing on the petition before a magistrate, the State's attorney asked the court to take judicial notice of section 08–05–05 of the Caldwell Code, explaining that it was the juvenile violation of curfew code. Doe's counsel objected, arguing that the State must "prove the city code." Following this argument, the magistrate ruled that it would take judicial notice of the Caldwell City Code. At the conclusion of the proceeding, the magistrate found Doe under the purview of the JCA based upon the evidence of a curfew violation presented by the State.

Doe appealed to the district court asserting that the magistrate erred by taking judicial notice of the Caldwell City Code. The district court affirmed the magistrate's ruling. Doe further appeals, seeking review of the district court's appellate decision.

## II.

## STANDARD OF REVIEW

The authority of a court to take judicial notice of a local ordinance is a question of law. Where a question of law is reviewed on appeal, the appellate court conducts free review of the question presented. *Martel v. Bulotti,* 138 Idaho 451, 453, 65 P.3d 192, 194 (2003) (citing *Polk v. Larrabee,* 135 Idaho 303, 308, 17 P.3d 247, 252 (2000)). The decision of a district court acting in its appellate capacity is reviewed directly upon further appeal. *Losser v. Bradstreet,* 145 Idaho 670, 183 P.3d 758 (2008).

## III.

## DISCUSSION

The district court considered several sources in reaching its conclusion that it was proper for the magistrate to take judicial notice of the Caldwell City Code. The district court first quoted I.C. § 9–101, which delineates eight classes of facts that are subject to judicial notice by the courts. The court next noted that Black's Law Dictionary, Seventh Ed. (2001), defines an ordinance as an authoritative law or decree. The court referred to Idaho Rule of Evidence (I.R.E.) 201(b), which states in part that a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination. Finally, the district court cited *Lowery v. Board of County Com'rs for Ada County,* 115 Idaho 64, 764 P.2d 431 (Ct.App.1988), which in turn cites *City of Lewiston v. Frary,* 91 Idaho 322, 420 P.2d 805 (1966), for the proposition that a court can take judicial notice of city and county ordinances. The district court concluded its analysis by holding that the Caldwell municipal ordinance fell under the purview of I.C. § 9–101(2) and/or (3).[1] The district court held that the appellant had notice of the ordinance under

1. Pursuant to Idaho Code § 9–101, a court may take judicial notice of the following facts:

....

(2) Whatever is established by law.

(3) Public and private official acts of the legislative, executive and judicial departments of this state and the United States.

....

which she was charged, that the ordinance was generally known within the trial court's jurisdiction, and that it was easily capable of accurate and ready determination. The district judge opined that allowing the courts to take judicial notice of ordinances within their jurisdiction is practical, sound law, and serves the purpose of judicial efficiency.

The appellant challenges each of the grounds found by the district court to support the magistrate's decision to take judicial notice of the Caldwell City Code. She argues that because I.C. § 9–101 lists distinct classes or types of factual evidence that are subject to judicial notice and because city ordinances are not specifically included in that list, they are not subject to judicial notice under the statute. She next argues that I.R.E. 201 does not cover judicial notice of law, which is covered by I.C. § 9–101, reiterating that local ordinances are not listed in section 9–101 and therefore cannot be subject to judicial notice. She also points to I.C. § 50–902 for the proposition that city ordinances may be proved by certificate of the clerk under the seal of the city or by authorized published book or pamphlet.[2] Finally, she contends that *City of Lewiston* was overruled by the later case of *Marcher v. Butler,* 113 Idaho 867, 749 P.2d 486 (1988), *overruled on other grounds, Harrison v. Taylor,* 115 Idaho 588, 768 P.2d 1321 (1989), and is not sound precedential authority on the question of whether a trial court can take judicial notice of local ordinances.

Upon considering the parties' arguments in this case, we are persuaded that the issue presented is controlled by I.R.E. 201 and we do not need to resort to a definitive interpretation or application of I.C. § 9–101.

We also are not persuaded that *Marcher* controls. In *City of Lewiston,* the Idaho Supreme Court recognized that under I.C. § 9–101 a court of general jurisdiction is required to take notice of acts of the legislature, but is not required to take notice of local ordinances. However, the Court also determined that when the proceeding is in a court "instituted for the express purpose of enforcing the municipal ordinances, and vested with full jurisdiction for that purpose, the rule ought to be, and is different. In such case the ordinances are the peculiar law of that forum, and it is bound to take notice of their existence." *City of Lewiston,* 91 Idaho at 325, 420 P.2d at 808. Thus the Court held that a trial court may take judicial notice of a municipal ordinance particularly where the court is vested with the authority to enforce ordinances, much the same as the magistrate in the present case was vested with authority to determine whether the appellant was under the purview of the JCA for violating a city ordinance.

In *Marcher,* the issue was whether the district court properly granted summary judgment against a plaintiff who claimed that a property owner was negligent for failing to install a handrail on a stairway from which the plaintiff fell. On appeal, the plaintiff argued that the court erred by not taking judicial notice of a building code requirement for handrails. The Idaho Supreme Court held that the failure of the trial court to take judicial notice of the building code was not error because no formal request had been made to the trial court to take such action.[3] The Court then said that there further appeared to be some authority for the proposition that courts may not take judicial notice of municipal ordinances, and the Court reasoned that because I.C. § 9–101 referred only to legislative acts as subject to judicial notice, "it follows that the court may not take notice of city ordinances or of the various codes adopted under them." *Marcher,* 113 Idaho at 870, 749 P.2d at 489.

The Court in *Marcher* did not cite, discuss or distinguish its earlier decision in *City of*

**2.** The portion of the statute relied upon by appellant provides:

    All ordinances may be proved by a certificate of the clerk under the seal of the city and when printed or published individually in book or pamphlet form by authority of the city, shall be read and received in evidence in all courts and places without further proof.

**3.** The mention of the building code appeared as a passing reference in the plaintiff's brief opposing the defendant's motion for summary judgment. The Supreme Court said that such an "offhand mention of building codes was insufficient to put the trial court on notice of them." *Marcher,* 113 Idaho at 870, 749 P.2d at 489.

*Lewiston,* nor did the Court overtly discount the greater weight of authority and line of authority relied upon in *City of Lewiston* to support the latter's conclusion that judicial notice may be taken of municipal ordinances by courts of limited jurisdiction. Moreover, the Court's discussion in *Marcher* of the requirements for judicial notice was not necessary for its decision. It was not necessary for the Court to conclude that a trial court may never take judicial notice of a city ordinance in order to hold that the district court did not err in failing to take judicial notice in that case because the plaintiff did not first ask the district court to take judicial notice.[4] Under the circumstances, we conclude that the Court's discussion in *Marcher* was dicta and should not be considered as having altered or overruled *sub silentio* the rule established by the Court's earlier decision in *City of Lewiston.*

As noted previously, this case is a proceeding under the Juvenile Corrections Act. The rules of evidence apply to proceedings under the Juvenile Corrections Act. I.R.E. 101(d)(2). The Idaho Juvenile Rules (I.J.R.) also provide that the rules of evidence apply to proceedings such as the instant case. I.J.R. 15(f); I.J.R. 51.

■ Judicial notice is a mechanism enabling a judge to excuse the party having the burden of establishing a fact from producing formal proof of that fact. *Brazier v. Brazier,* 111 Idaho 692, 700, 726 P.2d 1143, 1151 (Ct. App.1986) (citing E. CLEARY, *McCOR-MICK ON EVIDENCE* § 328 (1984)) *overruled in part on other grounds by Swope v. Swope,* 112 Idaho 974, 982, 739 P.2d 273, 281 (1987). Idaho Rule of Evidence 201(b) provides that a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Other provisions in the rule allow the court to take judicial notice whether requested or not, I.R.E. 201(c), and provide that judicial notice may be taken at any stage of the proceeding, I.R.E. 201(f).

■ The existence of an ordinance that relates to the adjudication of the dispute before the trial court is a question well suited to the application of I.R.E. 201(b). If an ordinance's existence is not reasonably in dispute because it is generally known within the territorial jurisdiction of the trial court, or is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, then it may be accepted as evidence by judicial notice, whether requested or not and at any time in the proceeding. It is within the ambit of the trial court to make these determinations within the proper exercise of the court's discretion. If the ordinance is not generally known within the territorial jurisdiction of the court, or is not capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned, then the trial court should not take judicial notice of the existence of the ordinance, but should require proof of the ordinance in a manner suggested by I.C. § 50–902.

■ Here although the appellant objected to the State's request for judicial notice, the appellant did not raise any concern before the magistrate that the Caldwell City Code provision, 08–05–05, was not generally known within the territorial jurisdiction of the court or was not readily capable of accurate determination by resort to a source whose accuracy could not reasonably be questioned. Accordingly, we hold that the magistrate did not abuse its discretion by taking judicial notice of the ordinance.

**IV.**

**CONCLUSION**

The district court did not err in upholding the magistrate's decision to take judicial no-

---

**4.** The Court's underlying premise that plaintiff was required to request judicial notice is inconsistent with the provisions of I.R.E. 201(c) and (f) which permit a court to take judicial notice at anytime during the proceeding and without first being requested to do so by a party.

tice of section 08–05–05, the curfew ordinance, in the Caldwell City Code.

Judge LANSING and Judge PERRY concur.

