751 P.2d 675

**Alfred L. GREER and Delores Marie Greer, husband and wife, Plaintiffs–Appellants,**

v.

**John L. ELLSWORTH and Cecilia K. Ellsworth, and K.C. Farms, Inc., an Idaho corporation, Defendants, Cross-defendants–Respondents,**

**and Kevin E. Johnson, Defendant–Crossclaimant.**

No. 16684.

Court of Appeals of Idaho.

March 2, 1988.

Roger L. Williams, of William F. Lee & Associates, Boise, for plaintiffs-appellants.

Frank P. Kotyk, of Cantrill, Skinner, Sullivan & King, Boise for defendants, cross-defendants-respondents.

SWANSTROM, Judge.

Alfred and Delores Greer filed suit against Kevin Johnson and John and Cecilia Ellsworth for damages resulting from an automobile collision on a highway in Owyhee County. The Ellsworths moved for and were granted summary judgment. The Greers have appealed. The issue here is whether the judge correctly decided that owners of cattle on a highway were not liable for a collision occurring between two vehicles because the cattle were on "open range." The Greers contend that genuine issues of material fact exist, making summary judgment for the cattle owners improper. We affirm for the following reasons.

The facts concerning the actual collision are largely undisputed. On the night of October 6, 1984, a number of cattle strayed from unfenced land bordering the highway onto a rural stretch of Highway 78 near Oreana, Idaho. Some of those cattle were owned by the Ellsworths or their corporation, K.C. Farms, Inc. (the Ellsworths). At approximately 8:15 p.m., Alfred Greer was driving east on Highway 78 when he encountered the cattle and slowed or stopped his car to avoid them. At about the same time, Kevin Johnson approached from the opposite direction. He swerved his vehicle into the eastbound lane to avoid hitting the cattle and collided with the Greers' automobile.[1]

The Ellsworths had farming and grazing land nearby where their cattle were being kept. Two tracts of their land adjoined the highway. One of these was an unfenced 320 acre tract of grazing land located about 200 yards from the accident site on the north side of Highway 78. The Ellsworths had a large number of cattle grazing on this tract on the day of the accident. A second tract of 360 acres, also next to the highway, adjoined the first tract. It was more than half a mile from the accident site. The 360 acre tract had been used for grazing purposes earlier in the year, but at the date of the accident it was being used for incidental purposes only. The 360 acre tract was surrounded by a single strand of barbed wire, attached to fence posts. Earlier in the year the wire had been electrified and was intended to keep cattle from straying off the 360 acre tract onto adjacent range land belonging to the Bureau of

---

1. Johnson, a defendant below, crossclaimed against the Ellsworths and K.C. Farms, Inc., for damages sustained in the collision. Prior to the hearing on the summary judgment motion, he reached a settlement with the Greers. He did not appeal from the district court's ruling on the summary judgment. Hence, we will address only those issues existing between the Greers and the Ellsworths.

Land Management (BLM). However, at the date of the accident the wire was not electrified; it was intentionally left down or open in several places, so that the Ellsworth cattle could pass through the 360 acre tract to reach a watering and herding area near a dairy. The dairy was located on 2,500 acres of farming and pasture land belonging to the Ellsworths which was further from the accident site and the highway. The pasture on this farm was enclosed with a fence of four strands of barbed wire, but the pasture was not being used at the date of the accident. Finally, it should be mentioned that the land adjacent to the highway where the accident occurred was unfenced range land belonging to the BLM.

As mentioned, the Ellsworths' cattle were grazing on the unfenced 320 acre tract the day of the accident. John Ellsworth stated in his deposition that a hired hand was responsible for preventing the cattle's trespass onto BLM land and for gathering the cattle at night to return them to the herding area near the dairy. The night of the collision, however, the hired hand's motorcycle broke down, leaving him unable to gather all of the cattle. Some cattle strayed to the highway immediately south of the BLM land, where the collision occurred.

█ Following extensive discovery, the Ellsworths moved for summary judgment, arguing that the area in question constituted "open range" which, under I.C. § 25–2118, permitted them to freely graze their cattle without incurring liability for a collision between vehicles on a highway within the open range area. The statute in question states that:

> No person owning, or controlling the possession of, any domestic animal running on open range, shall have the duty to keep such animal off any highway on such range, and shall not be liable for damage to any vehicle or for injury to any person riding therein, caused by a collision between the vehicle and the animal. "Open range" means all uninclosed [sic] lands outside of cities, villages and herd districts, upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam.[2]

The Greers contend that the area in question is not open range. They argue that, by local custom, cattle are not allowed to roam freely in the area of the accident, because cattle are allowed to be on the BLM land only by a permit or license. Ellsworth did not have such a permit or license. Therefore, the cattle's trespassing over BLM land bars the Ellsworths from claiming any benefit under the open range statute. Through these arguments the Greers contend they have shown the existence of material factual issues to be addressed at trial. We disagree.

When reviewing an order granting summary judgment, we must determine whether any genuine issue of material fact remains to be decided and whether the prevailing party was entitled to judgment as a matter of law. *Robinson v. Westover,* 101 Idaho 766, 620 P.2d 1096 (1980). We must construe the facts most favorably toward the party opposing the summary judgment order, allowing that party the full benefit of all favorable inferences reasonably drawn from the evidence. *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982).

The statute involved here establishes a three-tiered test of whether certain land is in an "open range." It requires that the land be unenclosed, that it be located outside certain jurisdictional boundaries, and that it be in an area where cattle graze or roam by right or custom.

Here, the first element is satisfied. If the cattle entered the highway from the BLM land, as Greers assert, then they en-

---

**2.** This case involves a collision between two vehicles rather than a collision between the vehicle and the animal. However, we think the statute logically affords protection to the cattle owners when the animals cause a highway collision in open range. In any event, the Greers have raised no issue in this regard. To the contrary, they concede that if the area of the accident was within "open range," "then no liability would attach to the Defendants Ellsworth and K.C. Farms, Inc....." (Appellants' brief at 11.) Even if we held a contrary view, we would be constrained to decide the appeal upon issues properly raised and preserved.

tered from unenclosed land. The Ellsworths' adjoining 320 acre parcel, from which the cattle strayed, also was unenclosed. Although the Ellsworths' 360 acre tract was encircled by a single-strand fence, the cattle apparently were not kept there. In any event, the fence was down in many places. We deem it clear that the property involved in this accident was "unenclosed." Affidavits submitted by other property owners made it clear that the surrounding area was comprised generally of unenclosed lands.

The second requirement, that the accident site be outside certain jurisdictional boundaries, also has been satisfied. The cattle were encountered, and the collision occurred, outside any city, village or herd district.

The real dispute in this case focuses on the third requirement, that the land be in an area "upon which cattle by custom, license, lease or permit, are grazed or permitted to roam." The Greers assert—and it is uncontroverted—that the cattle could not have entered the BLM land as a matter of right. The Ellsworths never had any "license, lease or permit" to graze their cattle on BLM land. Neither was there any "custom" of grazing cattle on the BLM land except pursuant to such a "license, lease or permit." The Greers would have us hold that because the cattle were, in effect, "trespassing" upon the BLM property, they carried no liability protection under I.C. § 25–2118 when they continued straying from that property onto the highway.

■ The district judge rejected this argument. In his order granting the motion for summary judgment the judge wrote, "the Court does not believe that a trespass under BLM regulations alters the open range law of Idaho." We agree. In our view, the question of "custom, license, lease or permit" is resolved by reference to the dominant usage of the area in question. The BLM land undisputedly was unfenced grazing land where cattle were customarily grazed each year under permits issued by the BLM. The surrounding properties were used for grazing. "Watch for Stock" signs were posted in the vicinity along the highway.

We hold that no genuine issue of material fact exists concerning the requirements of the statute. As a matter of law those requirements have been satisfied. The statute's application is not limited to specific dates or times when grazing is allowed on a particular parcel. Neither is it defeated by the mere circumstance that some cattle may cross property boundaries, possibly generating a grievance between neighbors over the care and control of livestock. Such a potential grievance does not alter the legislative grant of protection from liability claims of motor vehicle operators.

The summary judgment is affirmed. Costs to the respondents, the Ellsworths. No attorney fees awarded.

BURNETT, J., concurs.

WALTERS, Chief Judge, dissenting.

The foregoing opinion holds that, as a matter of law, all requirements of I.C. § 25–2118 have been satisfied and that therefore the cattle owners (the Ellsworths) are clothed with immunity from liability to the Greers. I disagree. As I read the statute, it applies only where there is a collision between a vehicle and an animal. Such an occurrence does not appear to have happened in this case. I would remand the case for a determination of liability under ordinary rules of negligence without the protection afforded to an animal's owner under I.C. § 25–2118.