**Loretta HUBBARD, Plaintiff,**

**v.**

**Robert HOWARD and Pam Howard, husband and wife, Defendants.**

**Civ. No. 89–1251.**

United States District Court, D. Idaho.

May 18, 1990.

---

John J. Janis, Hepworth, Nungester & Lezamiz, Boise, Idaho, for plaintiff.

Rodney R. Saetrum, Brady, Saetrum & Lerma, Chartered, Boise, Idaho, for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

RYAN, Chief Judge.

Loretta Hubbard brings the above-entitled action as the mother and sole surviving heir of decedent John Willard Howard. This wrongful death action arises out of an accident occurring on or about December 20, 1988, in which defendants' horses allegedly strayed onto snow-covered Highway 51 near Grasmere, Idaho (Owyhee County), and collided with a car driven by plaintiff's decedent.

Currently pending before the court is defendants' Motion for Summary Judgment. The defendants seek summary judgment based upon Idaho Code § 25–2118 which provides immunity to owners of domestic animals for injuries caused by said animals when running on "open range." Plaintiff has opposed the motion arguing, (1) the accident did not involve a domestic animal which had been "running on open range," and (2) the animals escaped from a range area which was, for all intents and purposes, "enclosed rangeland."

Idaho's "Open Range Statute," Idaho Code § 25–2118 (1977), provides that:

No person owning, or controlling the possession of, any domestic animal running on open range, shall have the duty to keep such animal off any highway on such range, and shall not be liable for damage to any vehicle or for injury to any person riding therein, caused by a collision between the vehicle and the animal. "Open range" means all uninclosed [sic] lands outside of cities, villages and herd districts, upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam.

■ Section 25–2118 establishes a three-tiered test. Under this test, land is deemed "open range" if it is (1) unenclosed; (2) located outside of cities, villages and herd districts; and (3) land upon which cattle, by custom, license, lease, or permit, are grazed or permitted to roam. *See Greer v. Ellsworth,* 113 Idaho 979, 751 P.2d 675 (Idaho Ct.App.1988).

In the instant case, the second prong of the three-tiered test is clearly not in dispute; the affidavits submitted by defendant conclusively establish that the property in question is located outside of cities, villages and herd districts. Accordingly, the court will address the first and third prongs of the *Greer* test.

■ The third prong, the question of "custom, license, lease, or permit," is arguably in dispute. Plaintiff has attempted to raise a genuine issue of material fact as to this factor through the supplemental affidavit of Jerry Taylor, a supervisory range conservationist for the Bureau of Land Management (BLM), and the deposition testimony of the defendants, Robert and Pam Howard. The plaintiff's materials, however, establish only that the grazing land in question is *not* an area upon which *horses* by custom, license, lease, or permit, are grazed or permitted to roam; plaintiff has not disputed that the land through which state Highway 51 passes is land upon which *cattle* by custom, license, lease, or permit, are grazed or permitted to roam.

Section 25–2118 does not require the Howards, the owners of the horses, to show that the land immediately adjacent to state Highway 51 is land upon which *horses*, by custom, license, lease, or permit, are grazed or permitted to roam. To the contrary, the statute requires only that the

owners demonstrate that the land is land upon which *cattle* by custom, license, lease, or permit, are grazed or permitted to roam.

This question, i.e., the question of "custom, license, lease, or permit," is resolved by reference to the dominant usage of the area. *See id.* at 982, 751 P.2d at 678. In the present case, as in *Greer*, the BLM land immediately adjacent to state Highway 51 was grazing land where cattle were customarily grazed under permits issued from the BLM; the surrounding properties were used for grazing; and "Watch for Livestock" signs were posted in the immediate vicinity. In addition, plaintiff in this case admits that "[t]he entire area surrounding the place where the accident occurred ... is, in all directions, ranching country." Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, filed Feb. 20, 1990, at 2. Applying the *Greer* test, it is clear that the land meets the third prong of the *Greer* test.

The plaintiff, however, would have the court hold that because the defendants' horses were, in effect, "trespassing" upon the BLM property, that they are not entitled to immunity pursuant to Section 25–2118. This argument was addressed and rejected by the Idaho Court of Appeals in *Greer*. *See id.* (BLM regulations do not alter the open range law in Idaho). This court is bound to follow this decision. The court, applying the "dominant usage" standard espoused in *Greer* to the facts in the present case, finds as a matter of law that the land in question is land upon which *cattle* by custom, license, lease, or permit, are grazed or permitted to roam.

The real dispute in this case focuses on the first prong of the *Greer* test, i.e., whether the land was "unenclosed." Plaintiff maintains that the "overwhelming majority" of the Claira Seeding, the parcel from which the defendants' horses escaped, is actually fenced and/or that the horses were effectively contained therein by a combination of fencing, topography and/or terrain. The court will address each argument separately.

■ The question of whether Claira Seeding was "enclosed" grazing land would appear, at first blush, to be a question of fact. A review of the statute and pertinent case law, however, convinces the court that the focus is not on the nature of land from which the domestic animals strayed (as plaintiff has argued) so much as it is upon the land in the immediate vicinity of the highway. *See* Idaho Code § 25–2118 (no person owning, or controlling the possession of, any domestic animal running on open range, shall have the duty to keep such animal *off any highway on such range*); *Greer v. Ellsworth*, 113 Idaho at 982, 751 P.2d at 678 (whether rangeland is "open range" is resolved by reference to the dominant usage of the area). Accordingly, it matters not whether Claira Seeding was enclosed or unenclosed; the court need only concern itself with the nature of the BLM land. With regard to the BLM land, there is no question that it is "unenclosed" land for purposes of Section 25–2118.

■ Assuming, arguendo, that the plaintiff is correct in looking to the nature of the property from which the horses strayed, the court would have no trouble finding that the rangeland was "unenclosed." The following undisputed facts support the court's conclusion. In the present case, plaintiff does not dispute that the western end of the Claira Seeding, the end nearest state Highway 51, is open to other rangeland; that there are no obstructions between the west end of the Claira Seeding and the highway (with the exception of the BLM fence which is not a containment fence); that the fence surrounding the Claira Seeding area was an intermittent fence with gaps in some areas; that gates were routinely left open between the months of November and April or May thereby permitting cattle and horses to access watering areas; or that the land immediately adjacent to the highway was unfenced rangeland belonging to the BLM.

■ Under these undisputed facts, it is reasonable to conclude that the rangeland in question was "unenclosed" rangeland within the meaning of Section 25–2118. Accordingly, the defendants are shielded from liability by virtue of Idaho Code § 25–2118. *Cf. Greer v. Ellsworth*, 113 Idaho at 982, 751 P.2d at 678 (wherein the

court suggested in dicta that a 360–acre tract surrounded by a single-strand fence which was intentionally left down and/or open in many places was "unenclosed" range land).

Notwithstanding these facts, plaintiff contends that the horses were effectively contained by a combination of fencing, topography and/or terrain. Plaintiff relies heavily on *Darrar v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 94 Idaho 772, 497 P.2d 1399 (1972), for the proposition that topography and/or geography may constitute the requisite "enclosure." Plaintiff's reliance on *Darrar*, however, is misplaced. *Darrar* involved an entirely different statute, Idaho Code § 62–406, and the duty of railroads to provide, install, and maintain adequate fencing. Accordingly, the analysis therein has no bearing on the present case.

### ORDER

Based upon the foregoing, and the court being fully advised in the premises,

IT IS HEREBY ORDERED that defendants' Motion for Summary Judgment should be, and is hereby, GRANTED.