Alvin L. **KINTNER**, Plaintiff,

v.

**ALDI, INC.**, Defendant.

No. C–3–02–492.

United States District Court,
S.D. Ohio,
Western Division.

July 6, 2007.

John F. Marchal, Marchal & Brown, Greenville, OH, Gary Lee Brown, for Plaintiff.

Patrick McCaffrey, Jr., Jeffery Scott Maynard, Brenner Brown Golian McCaffrey, Columbus, OH, for Defendant.

## DECISION AND ENTRY OVERRULING DEFENDANT ALDI, INC.'S, MOTION FOR SUMMARY JUDGMENT (DOC. 15).

RICE, Chief Judge.

Plaintiff Alvin L. Kintner originally filed this personal injury action in the Court of Common Pleas in Darke County, Ohio. Defendant ALDI, Inc., subsequently removed the case to this court, pursuant to 28 U.S.C. 1332(a)(1). Since Plaintiff is a citizen of the state of North Carolina and Defendant is incorporated and maintains its principal place of business in Illinois, complete diversity of citizenship exists. Further, since the amount in controversy exceeds $75,000.00, the jurisdictional minimum is met. Subject matter jurisdiction thus exists in this Court.

## I. Background

Defendant owns and operates a grocery store in Greenville, Ohio ("the Store"). To save labor costs, Defendant utilizes moveable wooden pallets, instead of permanent shelving units, to display merchandise (Doc. 15 Ex. 5 at 84). The pallets are approximately four feet long, four feet wide and three to four inches tall (*Id.* at 23, 27). They are not secured to the floor in any way, and Defendant does not mark them to make them visible to customers (*Id.* at 37–38).

While shopping at the Store on September 20, 2001, Plaintiff fell, sustaining serious injuries. He had been shopping at the store for several minutes that morning, but had not yet walked down the cross aisle where he ultimately fell (Doc. 15 Ex.

1 at 11–12). Immediately prior to Plaintiff's fall, he had been walking down an aisle with his grocery cart, and remembered that he needed to pick up some pork and beans in the aisle parallel to the one he was then in. He stopped, turned away from his cart and began to walk around the corner into a cross aisle, leading to the aisle where the pork and beans were located. He took no more than three steps before he tripped over the corner wooden pallet and fell to the floor, breaking his neck (*Id.* at 15–17). The pallet he tripped over was protruding into an aisle. Defendant's district manager, who responded to the scene, alleges that Plaintiff said something in the nature of having "clumsy feet" and that he must have tripped over the pallet (Doc. 15 Ex. 5 at 54). Plaintiff now seeks damages for Defendant's alleged negligence in failing to discover dangerous and hazardous conditions in the store, in failing to properly warn the public, generally, and Plaintiff, specifically, of the hazardous condition and in failing to discover and correct/repair the defective condition that presented a hazard to the public, generally, and Plaintiff, specifically. Defendant moves for summary judgment on two grounds: *first,* that the hazard that caused Plaintiff's injury in the store was open and obvious, thereby obviating any duty on the part of Defendant to provide notice of the hazard, and *second,* that Plaintiff's failure to exercise reasonable care was the proximate cause of the injury (Doc. 15). For the reasons assigned herein, Defendant's Motion for Summary Judgment is overruled.

## II. Standards Governing Motions for Summary Judgment

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323, 106 S.Ct. 2548; *see also Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial") (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir.1995). Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law, Fed.R.Civ.P. 50). *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989).

■ Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Michigan Protection and Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir.1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, Federal Practice and Procedure,

§ 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990); *see also L.S. Heath & Son, Inc. v. AT & T Information Sys., Inc.*, 9 F.3d 561 (7th Cir.1993); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment ..."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

## III. Analysis

### A. Open and Obvious Hazard

■ Under Ohio law, "[a] shopkeeper owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474, 475 (1985), *citing Campbell v. Hughes Provision Co.*, 153 Ohio St. 9, 90 N.E.2d 694 (Ohio 1950). Specifically, a store owner has a duty to exercise reasonable care: (1) to not injure the visitor by negligent activities; (2) to warn the visitor of latent dangers of which the owner knows; (3) to inspect the prem-

ises to discover possible dangerous conditions of which he or she does not know; and (4) to take reasonable precautions to protect the invitee from dangers that are foreseeable from the arrangement or use of the premises. *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52, 372 N.E.2d 335, 336 (1978), *quoting* Prosser on Torts (4 Ed.), 392–93 (1971).

██ However, a premises-owner is not an insurer of the customer's safety, and owes *no duty to persons entering those premises regarding dangers that are open and obvious*. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968). Open and obvious hazards are those that are so objectively apparent that they serve as their own warning, *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 80 788 N.E.2d 1088, 1089 (2003), and, as such, business invitees "may reasonably be expected to discover them and protect against them." *Sidle*, 13 Ohio St.2d at 48, 233 N.E.2d at 591, *quoting* Prosser, Law of Torts (3 Ed.), 403 (1964).

Until very recently, Ohio courts were split as to the application of the open-and-obvious doctrine. With the growth of the comparative negligence doctrine in Ohio (and nationwide) some courts had abrogated the open-and-obvious doctrine as an absolute bar to recovery, opting, instead, simply to apply a comparative negligence analysis in determining liability. *See, e.g., Schindler v. Gale's Superior Supermarket, Inc.*, 142 Ohio App.3d 146, 754 N.E.2d 298 (9th Dist.2001) (interpreting the Ohio Supreme Court's decision in *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 693 N.E.2d 271 (1998), to have abrogated the open-and-obvious doctrine). *See also Rockweit v. Senecal*, 197 Wis.2d 409, 541 N.W.2d 742 (1995); *Robertson v. Magic Valley Regional Med. Ctr.*, 117 Idaho 979, 793 P.2d 211 (1990); *Tharp v. Bunge Corp.*, 641 So.2d 20 (Miss.

1994); *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Texas 1978).

██ The Ohio Supreme Court, however, in a recent decision, expressly rejected this interpretation. Although comparative negligence does require the balancing of fault in determining causation, "the open-and-obvious doctrine is not concerned with causation, but rather stems from the landowner's duty to persons injured on his or her property." *Armstrong*, 99 Ohio St.3d at 81, 788 N.E.2d at 1091 (2003). To be sure,

> '[t]he existence of a defendant's legal duty is separate and distinct from the issue of a plaintiff's contributory negligence and the parties' comparative fault. The characterization of the open and obvious doctrine as a "defense" that should be submitted to the jury as part of the comparison of the relative fault of the parties overlooks the simple truism that where there is no duty there is no liability, and therefore no fault to be compared.'

99 Ohio St.3d at 81–82, 788 N.E.2d at 1091, *quoting Bucheleres v. Chicago Park Dist.*, 171 Ill.2d 435, 216 Ill.Dec. 568, 665 N.E.2d 826 (1996).

██ The task, therefore, in the present case, is to determine whether a genuine issue of fact exists as to the objective openness and obviousness of the pallet on which Plaintiff tripped in the Store. The determination is made objectively, in that "the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an 'open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable" by a reasonable person. *Benton v. Cracker Barrel Old Country Store*, 2003 WL 21291040 (Ohio App. 10 Dist.), *quoting Flowers ex rel. Estate of Kelley v. Penn Traffic Co.*, 2001 WL

921427 (Ohio App. 10 Dist.), *appeal not allowed, Flowers v. Penn Traffic Co.*, 93 Ohio St.3d 1498, 93 Ohio St.3d 1498, 758 N.E.2d 1149. In support of summary judgment, Defendant argues that no product sat on the pallet's edge, since, as Plaintiff testified in his deposition (Doc. 15 Ex. 1 at 20), between four and six inches of the pallet remained visible to customers (Doc. 17 at 6). Defendant analogizes these facts to those in *Austin v. Woolworth Department Stores*, 1997 WL 242891 (Ohio App. 10 Dist., 1997), where the court affirmed the trial court's entry of summary judgment against the plaintiff, who had tripped on a partially-emptied pallet in a department store. In that case, Defendant Woolworth utilized pallets in a retail store much like Defendant in the present case. There, as here, deposition testimony existed that the use of such pallets was customary by the defendant, that the plaintiff was a regular customer (and therefore, inferentially, familiar with the use of such pallets) (Doc. 15 Ex. 1 at 9), and that the plaintiff was focused on things other than the floor beneath him (e.g., items on the shelves, other shoppers) (*Id.* at 17–18).

The court in *Austin* focused considerably on testimony in that case regarding the plaintiff's conduct in the moments preceding the fall. 1997 WL 242891 at 3. To that extent, it is inconsistent with the subsequent interpretation of the open-and-obvious doctrine rendered by the Ohio Supreme Court, that "the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." *Armstrong*, 99 Ohio St.3d at 82, 788 N.E.2d at 1091. However, even supposing that *Austin* is consistent with the rule set forth in *Armstrong*,

Plaintiff points to sufficient evidence in the record in this matter to preclude summary judgment. *First*, he points to the fact that the pallet was located at the corner of a main aisle and cross aisle in the Store (Doc. 16 at 13). As Plaintiff indicates, an Ohio court suggested in another case with very similar facts that this location is significant with respect to the open-and-obvious doctrine. Specifically, where a shopper tripped over an exposed pallet, summary judgment for the defendant was improper because "a reasonable person could find that the pallet was located in an area where a customer would be expected to turn or change direction." *Bumgardner v. Wal–Mart Stores, Inc.*, 2002 WL 31778025, *4 (Ohio App. 2 Dist., 2002). The location of the pallet in an area where a customer may turn and change direction was apparently so significant that the fact that the two foot portion of the pallet that was uncovered by merchandise (and therefore visible to a customer) did not make the condition open and obvious. Therefore, contrary to Defendant's argument, the fact that the pallet here was exposed by four to six inches is not dispositive of its openness and obviousness.

*Second*, Plaintiff submits Affidavit of Janell M. Randall (Doc. 16 Ex. A). Randall was an employee of Defendant, and was working at the time of the fall. Although she did not see the incident, Randall indicates in her affidavit that "[she] recall[s] thinking at [the time of Plaintiff's fall] that it was understandable that a customer who was walking through the main aisle of the Store and turning into the narrow cross aisle might not notice the ankle high pallet which extended out into the aisle beyond all the product stacked on top of it." [1]

---

1. Although this statement appears to be conclusory, and, therefore, inadmissible, analysis of it in the context of the affidavit reveals that it is based on observations of the location and appearance of the ankle-high pallet that, at the time, had "product stacked on top of it."

Since these issues present genuine factual disputes, summary judgment is improper with respect to the open-and-obvious doctrine.

## B. Proximate Cause

 In Ohio, in order to establish actionable negligence, a plaintiff must show the existence of a duty, a breach of the duty and an injury proximately resulting therefrom. *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 45 Ohio St.3d 171, 173, 543 N.E.2d 769, 772 (1989), *citing Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707, 710 (1984). As stated, *supra*, a shopkeeper owes a number of duties to business invitees. At the same time, "owners or occupiers of private premises are not insurers of the safety of the pedestrians traversing those premises," *Helms v. American Legion, Inc.*, 5 Ohio St.2d 60, 213 N.E.2d 734 (1966), syllabus, and visitors must therefore proceed with reasonable care. The contributory negligence of a plaintiff may be asserted as a defense, but does not act as a total bar to recovery. *See* OHIO REV. CODE ANN. § 2315.19(A) (Anderson 2001).

In support of summary judgment, Defendant points to Plaintiff's familiarity with the store, his failure to look down to see the exposed pallet and his statement that his "clumsy feet" contributed to the accident (Doc. 15 at 13). These factors are persuasive in establishing the existence of fault on the part of Plaintiff. However, when the court views the record, as it must when considering a motion for summary judgment, in a light most favorable to Plaintiff, the evidence is insufficient to foreclose any genuine issue of material fact as to the proximate cause of Plaintiff's fall. This is particularly true here, since the Ohio Supreme Court has held repeatedly that "the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide pursuant to the modern comparative negligence provisions of R.C. 2315.19(A)(1)." *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 681, 693 N.E.2d 271, 274 (1998), *citing Junge v. Brothers*, 16 Ohio St.3d 1, 4, 475 N.E.2d 477, 480 (1985). To be sure, as Plaintiff points out, he testified that he had not been at or near the aisle where the accident occurred on the day of the incident until the incident itself (Doc. 15 Ex. 1 at 12), that he had never noticed an exposed pallet on any prior trip to the Store (*Id.* at 15), and, further, that it is uncertain whether familiarity with the Store generally would have made the danger to him more foreseeable, since Defendant's district manager testified that the location of the pallets in the Store changes occasionally (Doc. 16 at 7, citing Doc. 15 Ex. 5 at 38, 40). Further evidence of a breach of Defendant's duty is found in the Affidavit of Janell Randall, who stated that among her duties as store manager was " 'edging' product, whereby [she] would move product to the edge of the pallets," and that she recall[s] thinking that, at the time of Plaintiff's fall, "the condition of the pallet was dangerous to customers" (Doc. 16 Ex. A).[2] Additionally, with respect to Plaintiff's allegedly "clumsy feet," Plaintiff points to his own testimony that he recalled only speaking to a female employee of Defendant at the time of the incident (Doc. 16 at 9, citing Doc. 15 Ex. 1 at 22), thereby, at the very least, creating a genuine issue of material fact as to whether Tincher heard an admission regarding clumsy feet. Yet, as Plaintiff points out, even if Tincher did

---

**2.** Again, the conclusory nature of this testimony is mitigated by its context. *See supra* note

1.

hear Plaintiff comment about his own "clumsy feet" (and, presumably, if Plaintiff's feet are, in fact, clumsy), there would be no logical support for the contention that clumsy feet caused the accident, since Plaintiff never saw the pallet, and therefore may very well have tripped over it even had he possessed agile feet (*Id.*). In view of this, even if some fault is attributable to Plaintiff, summary judgment is appropriate only if a reasonable trier of fact would find that Plaintiff was over fifty percent negligent, at which point the Ohio comparative negligence statute would bar Plaintiff's recovery. *See Hayes v. Wendy's International, Inc.*, 1999 WL 74602, 3 (Ohio App. 12 Dist., 1999). Since factual disputes exist in the record, such a comparative finding is impossible at this point, and summary judgment is inappropriate.

## IV. Conclusion

Since there is genuine factual dispute as to the open and obvious nature of the pallet over which Plaintiff tripped and as to the extent to which, if any, Plaintiff's contributory negligence caused the accident, Defendant's motion for summary judgment is overruled.